ROBERT CIOFFOLETTI ET AL. *v.* PLANNING AND ZONING COMMISSION OF THE TOWN OF RIDGEFIELD ET AL.
(9109)

SPALLONE, O'CONNELL and FOTI, Js.

Argued October 30, 1990—decision released January 22, 1991

*Thomas W. Beecher,* for the appellant (named defendant).

*Melvin J. Silverman,* for the appellees (plaintiffs).

O'CONNELL, J. The defendant Ridgefield planning and zoning commission[1] appeals from the trial court's decision holding § 306.O.H. of the town's zoning regulations illegal as applied to the plaintiffs' property. The central question is whether this regulation unlawfully interferes with the continued operation of the plaintiffs' sand and gravel excavation business as a nonconforming use. We affirm the trial court's judgment.

The following facts are necessary to resolve this appeal. The plaintiffs own property on which they conduct a commercial sand and gravel removal operation as a valid nonconforming use. The defendant amended its zoning regulations by adopting § 306 which provides, inter alia, for the regulation of sand and gravel operations. The regulation requires that a special permit be obtained to conduct these activities. This appeal focuses on § 306.O.H. which provides: "(1) The Commission may specify the overall time period within which the

---

[1] The defendants are the Ridgefield planning and zoning commission, the commission chairman, and the Ridgefield town clerk. They will be referred to in this opinion as the defendant.

excavation, filling or other regrading shall be completed *but in no event shall that time period exceed two years.* (2) The Commission may grant an extension of time within which to complete the proposed project upon a showing by the applicant of good cause and subject to the considerations and conditions set forth in paragraphs F and G but in no event shall more than one extension of time be granted, and if *an extension is granted, the time period of the extension shall not exceed the duration of the original permit.*" (Emphasis added.)

The trial court held that § 306.O.H. was illegal because it was an attempt to prohibit the plaintiffs from continuing their established nonconforming use. We agree.

The plaintiffs argue that the effect of the regulation is to terminate their nonconforming use at the end of four years when their second possible two year permit would expire. The defendant responds that the plaintiffs' action is premature because they cannot complain at this time that the regulation, if applied to them four years from now, would be an unlawful restriction of a nonconforming use. The defendant contends that an appealable issue does not exist until the plaintiffs are actually denied a permit upon reapplication at the end of four years. The defendant argues that it is mere speculation that the ordinance might possibly be applied in the future impermissibly to terminate the plaintiffs' nonconforming use.[2] We do not agree.

The regulation expressly limits the defendant's authority to grant a permit extending the period of use beyond four years from its commencement. A plain

[2] By then, of course, the time to appeal from the enactment of the zoning regulation would have expired and the plaintiffs' recourse would be an injunction or an appeal from the denial of a permit renewal or an appeal from the zoning board of appeals after it sustained a stop and desist order of the zoning enforcement officer.

reading of the regulation discloses that at the end of four years the defendant would have no authority to grant the plaintiffs a permit to continue their nonconforming use. It is appropriate to review the plaintiffs' challenge to the regulation now rather than putting it off four years, when the unavoidable delays involved in administrative and judicial proceedings might jeopardize the uninterrupted operation of their business.

If we assume, arguendo, that the defendant has the authority to regulate sand and gravel removal and if otherwise proper, the regulation in question is a lawful mechanism to control any such business started after the effective date of the regulation. It is a fundamental zoning precept in Connecticut, however, that zoning regulations cannot bar uses that existed when the regulations were adopted. *Beckish* v. *Planning & Zoning Commission,* 162 Conn. 11, 16, 291 A.2d 208 (1971). This restriction is expressly imposed on planning and zoning commissions by General Statutes § 8-2 which dictates that "[s]uch regulations shall not prohibit the continuance of any nonconforming use . . . existing at the time of the adoption of such regulation. . . ." It is readily apparent that "the rule concerning the continuance of a nonconforming use protects the 'right' of a user to continue the same use of the property as it existed before the date of the adoption of the zoning regulations." *Helbig* v. *Zoning Commission,* 185 Conn. 294, 306, 440 A.2d 940 (1981).

*Teuscher* v. *Zoning Board of Appeals,* 154 Conn. 650, 228 A.2d 518 (1967), heavily relied on by the defendant, is inapposite to the present case. The *Teuscher* court held that a regulation nearly identical to the one in the present case was a valid exercise of a municipality's police power, a subject not at issue here. The zoning board of appeals in *Teuscher* specifically found that the gravel operation was *not* a nonconforming use.

Additionally, the *Teuscher* court enunciated that "[w]hether the gravel pit was or was not a nonconforming use was not controlling . . . ." Id., 657. Furthermore, the *Teuscher* regulation was adopted in 1953 prior to the 1959 amendment to General Statutes § 8-2 which precludes zoning regulations from prohibiting nonconforming uses.

The court properly held that § 306.O.H. is illegal as applied to the plaintiffs' property because it attempts to prohibit an established nonconforming use. This issue is dispositive of this appeal, and, therefore, we need not address the claims raised in the plaintiffs' counter statement of the issues.

The judgment is affirmed.

In this opinion the other judges concurred.