## DAVID A. ZEIGLER *v.* TOWN OF THOMASTON ET AL.

SUPERIOR COURT     JUDICIAL DISTRICT OF     FILE NO. 62434
LITCHFIELD

Memorandum filed March 17, 1994

*Gilland, Seabourne & Malley,* for the plaintiff.
*Guion, Stevens & Rybak,* for the defendants.

DRANGINIS, J. The plaintiff is the owner of property at 660 Fenn Road in Thomaston. On February 3, 1993, the defendant Thomaston zoning enforcement officer issued a cease and desist order to the plaintiff regarding eight violations of the Thomaston zoning regulations.

The cease and desist order directed the plaintiff to rectify the following zoning violations on his premises: (1) the presence of a freight and materials trucking business, (2) the presence of a construction trailer, (3) the use of unpermitted fuel tanks, (4) the presence of numerous traffic control signs, (5) the use of the premises as a junkyard, (6) hazardous off street parking and loading, (7) the use of the premises for unpermitted motor vehicle repair and service, and (8) the presence of an unpermitted mobile home or trailer.

The plaintiff appealed to the defendant zoning board of appeals of the town of Thomaston (board) under General Statutes § 8-7 for relief from the cease and desist order, alleging a valid nonconforming use of the property and an estoppel defense.

The board conducted public hearings on the evenings of March 30, April 8, and April 22, 1993. The board also conducted a site inspection on April 13, 1993. On April 22, 1993, the board rendered its decision reversing the officer on four items of the cease and desist order, (Nos. 2, 3, 4 and 8), sustaining the officer on two items, (Nos. 1 and 6), and modifying the officer's directive on two items (Nos. 5 and 7). The final decision of the board was published in the *Waterbury Republican* newspaper on May 1, 1993.

Under General Statutes § 8-8, the plaintiff appealed the board's decision to this court. On May 4, 1993, the plaintiff served the board by leaving copies of the citation, recognizance and appeal with the Thomaston town clerk at the town clerk's office and with the chairman of the board at his home. The original citation, recognizance and appeal were filed with the court on May 7, 1993.

On July 15, 1993, the board filed an answer essentially denying the material allegations of the appeal. Also, on July 15, 1993, the board filed the return of record with the court. The appeal was heard by the court, *Dranginis, J.,* on November 29, 1993.

The plaintiff's appeal to this court challenges the decision of the board as to cease and desist order item Nos. 1, 5, 6 and 7. The board's decision on these particular items of the cease and desist order is as follows: "'To sustain item 1 of the Cease and Desist Order, 'Freight and Materials Trucking Business', because of insufficient evidence of a legal right to a nonconforming commercial use; the previous owner gave testimony that

his commercial activity had ceased in 1969, two years before zoning was adopted in Thomaston; thus, the Zoning Enforcement Officer's Order was sustained because of the violation of Section 3.11, Schedule A: Permitted Uses, Part C.14 of the Zoning Regulations of the Town of Thomaston which state that 'Freight and materials trucking businesses . . . are not permitted in any residential zone' . . . .

"To modify Item 5 of the Cease and Desist Order, 'Junk Yards', because the site walk of April 13, 1993, did not provide evidence of a junk yard, but did provide evidence of building materials, motor vehicle parts and construction equipment in violation of Article III, Section 3.3.8 of the Zoning Regulations of the Town of Thomaston regarding storage of building materials, parts of motor vehicles, and construction equipment . . . .

"To sustain Item 6 of the Cease and Desist Order, 'Off-Street Parking and Loading,' because insufficient evidence [was] presented to establish a local right to a nonconforming commercial use of the property in 1971 when zoning was adopted; the applicant was found to be in violation of Article VIII of the Zoning Regulations of the Town of Thomaston per the Cease and Desist Order . . . .

"To modify Item 7 of the Cease and Desist Order to prohibit the maintenance and service of commercial motor vehicles with respect to Article III, Section 3.11, Schedule A, of the Zoning Regulations of the Town of Thomaston, which states that 'Motor vehicle service stations and motor vehicle repair garages. . .' are a nonpermitted use in any residential zone; the basis for this decision was the failure of the applicant to provide sufficient evidence of a legal right to a nonconforming commercial use of the property . . . ."

The plaintiff alleges that he is aggrieved. Aggrievement is a jurisdictional question. *Winchester Woods*

*Associates* v. *Planning & Zoning Commission,* 219 Conn. 303, 307, 592 A.2d 953 (1991). "Unless the plaintiff alleges and proves aggrievement, his case must be dismissed. . . . . Aggrievement presents a question of fact for the trial court." (Citation omitted.) *Fuller* v. *Planning & Zoning Commission,* 21 Conn. App. 340, 343, 573 A.2d 1222 (1990). The owner of the property subject to the appeal is aggrieved and entitled to bring an appeal. *Winchester Woods Associates* v. *Planning & Zoning Commission,* supra, 308; *Bossert Corp.* v. *Norwalk,* 157 Conn. 279, 285, 253 A.2d 39 (1968). The plaintiff has alleged aggrievement and the board has upheld portions of a cease and desist order that impairs the plaintiff's use of his land. The court finds, therefore, that the plaintiff is aggrieved.

General Statutes § 8-8 (b) through (e) require the aggrieved party appealing from the decision of a board to commence service of process "by leaving a true and attested copy of the process with, or at the usual place of abode of, the chairman or clerk of the board, and by leaving a true and attested copy with the clerk of the municipality" within fifteen days from the date that the notice of the commission's decision was published. General Statutes § 8-8 (e).

The board's final decision was published in the *Waterbury Republican* newspaper on May 1, 1993. On May 4, 1993, the plaintiff caused a sheriff to serve true and attested copies of the citation, recognizance and appeal on both the Thomaston town clerk at the town clerk's office and on the chairman of the board at the chairman's home. The original citation, recognizance and appeal were filed with the court on May 7, 1993. The plaintiff's appeal was served within the fifteen day period required by § 8-8 (b) and, therefore, the appeal is timely.

A trial court may not substitute its judgment for that of the administrative tribunal. *Frito-Lay, Inc.* v. *Plan-*

*ning & Zoning Commission,* 206 Conn. 554, 572–73, 538 A.2d 1039 (1988). "[A] zoning board of appeals . . . is endowed with a liberal discretion, and its [actions are] subject to review by the courts only to determine whether [they were] unreasonable, arbitrary or illegal. . . . The burden of proof to demonstrate that the board acted improperly is upon the party seeking to overturn the board's decision. . . . In an appeal from the decision of a zoning board, [the courts] therefore review the record to determine whether there is factual support for the board's decision, not the contentions of the applicant." (Citations omitted; internal quotation marks omitted.) *Pleasant View Farms Development, Inc.* v. *Zoning Board of Appeals,* 218 Conn. 265, 269–70, 588 A.2d 1372 (1991); see also *Frito-Lay, Inc.* v. *Planning & Zoning Commission,* supra, 573. "[I]t is not the function of the court to retry the case. Conclusions reached by the commission must be upheld by the trial court if they are reasonably supported by the record. The credibility of the witnesses and the determination of issues of fact are matters solely within the province of the agency. The question is not whether the trial court would have reached the same conclusion but whether the record before the agency supports the decision reached." *Primerica* v. *Planning & Zoning Commission,* 211 Conn. 85, 96, 558 A.2d 646 (1989). Generally, the court is limited to the evidence contained in the return of record. General Statutes § 8-8 (k). "When a zoning authority has stated the reasons for its actions, a reviewing court may determine only if the reasons given are supported by the record and are pertinent to the decision." (Internal quotation marks omitted.) *Horn* v. *Zoning Board of Appeals,* 18 Conn. App. 674, 676, 559 A.2d 1174 (1989). The action of the agency should be sustained if even one of the stated reasons is sufficient to support it. See *Frito-Lay, Inc.* v. *Planning & Zoning Commission,* supra, 576.

The plaintiff's complaint alleges nine claims of error. In his brief, however, the plaintiff reduces his claims of board error into three legal issues (1) use of his land was a valid nonconforming use, (2) the board improperly considered a letter from the husband of a disqualified board member, and (3) the board was estopped from preventing the plaintiff's conduct because of prior actions of town officials. The additional claims of error stated in the plaintiff's complaint but not briefed are deemed abandoned and will not be reviewed by this court. *Cheney* v. *Strasburger,* 168 Conn. 135, 142, 357 A.2d 905 (1975); *Burke* v. *Avitabile,* 32 Conn. App. 756, 772, 630 A.2d 624, cert. denied, 228 Conn. 908, 634 A.2d 297 (1993).

The plaintiff argues first that the board erroneously found that the plaintiff does not have a valid nonconforming use of the premises. The plaintiff alleges that his present use of the properly at 660 Fenn Road should be allowed as a lawful extension of a commercial poultry farm that existed on the property under James Fairchild, a prior owner. As the party claiming the benefit of a nonconforming use, the plaintiff bears the burden of proving a valid nonconforming use. *Cummings* v. *Tripp,* 204 Conn. 67, 82–83, 527 A.2d 1230 (1987).

General Statutes § 8-2 provides in pertinent part that zoning regulations "shall not prohibit the continuance of any nonconforming use, building or structure existing at the time of the adoption of such regulations. Such regulations shall not provide for the termination of any nonconforming use solely as a result of nonuse for a specified period of time without regard to the intent of the property owner to maintain that use." A nonconforming use is defined as a "use or structure prohibited by the zoning regulations but . . . permitted because of its existence at the time the regulations [were] adopted." *Adolphson* v. *Zoning Board of Appeals,* 205 Conn. 703, 710, 535 A.2d 799 (1988). The rule "pro-

tects the 'right' of a user to continue the same use of the property as it existed before the date of the adoption of the zoning regulations." (Internal quotation marks omitted.) *Cioffoletti* v. *Planning & Zoning Commission,* 24 Conn. App. 5, 8, 584 A.2d 1200 (1991).

To be nonconforming, the use must be lawful and in existence at the time the zoning regulations were enacted. *Cummings* v. *Tripp,* supra, 204 Conn. 91–92; *Helicopter Associates, Inc.* v. *Stamford,* 201 Conn. 700, 712, 519 A.2d 49 (1986). To qualify as an "existing use," the premises must be utilized in such a manner as to be known in the neighborhood as used for a given purpose. *Cummings* v. *Tripp,* supra, 92.

In deciding whether the activity in question is within the scope of a nonconforming use, three factors should be considered: "(1) the extent to which the current use reflects the nature and purpose of the original use; (2) any differences in the character, nature and kind of use involved; and (3) any substantial difference in effect upon the neighborhood resulting from differences in the activities conducted on the property." *Zachs* v. *Zoning Board of Appeals,* 218 Conn. 324, 332, 589 A.2d 351 (1991). "Not every intensification of a nonconforming use constitutes an impermissible extension of such use." *Planning & Zoning Commission* v. *Craft,* 12 Conn. App. 90, 96, 529 A.2d 1328, cert. denied, 205 Conn. 804, 531 A.2d 937 (1987). The owner does not, however, have the right to add substantially to or to change the prior use. Id. The legality of an extension of a nonconforming use is essentially a question of fact. *Helicopter Associates, Inc.* v. *Stamford,* supra, 201 Conn. 716.

In the present case, the board decided to deny the plaintiff's claim that his use of the property was the continuance of a valid nonconforming use on the basis of its finding that commercial activity at the premises

had ceased in 1969, two years before the zoning regulations were adopted. On two separate occasions, Fairchild, the owner of the property in 1971 when the zoning regulations were enacted, explicitly testified that commercial activity ceased at the subject premises in 1969.

The plaintiff argues that "the overwhelming majority of the evidence adduced at the public hearing(s) confirmed that the property had been in continuous commercial use since prior to 1971." In support of this contention, the plaintiff asserts that Fairchild gave "inconsistent" testimony about the commercial activity at the premises.

The credibility of witnesses and the determination of factual issues are matters solely within the province of the agency. *Primerica* v. *Planning & Zoning Commission,* supra, 211 Conn. 96. A reviewing court may only look to the record of the proceedings to determine the correctness of the findings of the board. Id.

Accordingly, this court determines that the board's finding with respect to the noncontinuous commercial use of the plaintiff's property is adequately supported by the record. The board did not err, therefore, in finding that the plaintiff's current commercial use of the subject premises is not a valid nonconforming use.

The plaintiff's second claim of error is that the board's decision is invalid because it violated General Statutes § 8-11 by improperly receiving a letter from Mark Lascko, the husband of a disqualified board member. General Statutes § 8-11 provides in pertinent part: "No member of any zoning commission or board and no member of any zoning board of appeals shall participate in the hearing or decision of the board or commission of which he is directly or indirectly interested in a personal or financial sense." Neutrality and impartiality of members are essential to the fair and proper

operation of a zoning board. *Lake Garda Improvement Assn.* v. *Town Plan & Zoning Commission,* 151 Conn. 476, 480, 199 A.2d 162 (1964). Public policy requires that members of public boards cannot be permitted to place themselves in a position in which personal interest may conflict with public duty. *Thorne* v. *Zoning Commission,* 178 Conn. 198, 204 n.2, 423 A.2d 861 (1979).

At the first meeting of the board on March 30, 1993, Gail Lascko, a member of the board who had previously disqualified herself because of a conflict of interest, rose to speak about her safety concerns with the plaintiff's commercial business. An objection was raised to her testimony and the board did not allow further testimony. At the third meeting of the board on April 22, 1993, a letter from Mark Lascko was read into the record. The letter expressed concerns with the noise and safety aspects of truck traffic on Fenn Road. Although at the third board meeting, the plaintiff did not object to the reading of Mark Lascko's letter, the plaintiff now claims that the board violated § 8-11 by receiving the letter because Gail Lascko was improperly testifying before the board through her husband.

In *Cioffoletti* v. *Planning & Zoning Commission,* 209 Conn. 544, 552 A.2d 796 (1989), a similar situation arose at an inland wetlands board meeting. In that case, a disqualified member's wife was allowed to speak on behalf of herself and her husband at a board meeting. After examining the language of the wetlands statute, General Statutes § 22a-42 (c), and General Statutes § 8-11, the court refused to find that the wife's participation amounted to participation by the disqualified member. Id., 556–57.

This court likewise finds that the board's decision to review Mark Lascko's letter did not amount to an illegal participation by Gail Lascko. Although Mark Lascko's

letter reflected the comments made by others in opposition to the plaintiff's appeal, there is no evidence to indicate that Mark Lascko was offering his comments on behalf of anyone other than himself. The fact that Mark Lascko is married to a disqualified member of the board does not preclude him from participating in the administrative process. See id.

Furthermore, even if the plaintiff could establish that the receipt of Mark Lascko's letter violated § 8-11, "the statute neither makes [such] actions a crime nor renders the board's reception of his evidence a reason" for sustaining his appeal. *Luery* v. *Zoning Board,* 150 Conn. 136, 147, 187 A.2d 247 (1962); see *Lurie* v. *Planning & Zoning Commission,* 160 Conn. 295, 311, 278 A.2d 799 (1971). The plaintiff has failed to demonstrate how the letter was prejudicial to the plaintiff or how it improperly affected the board's decision. Viewed against a background of twelve hours of testimony from forty witnesses and the admission of 140 documents, exhibits and letters, admission of the letter into evidence at most would constitute harmless error. *First Hartford Realty Corp.* v. *Plan & Zoning Commission,* 165 Conn. 533, 545, 338 A.2d 490 (1973). Accordingly, the plaintiff's appeal cannot be sustained on the ground that the board violated § 8-11.

The plaintiff's third claim of error is that the board is estopped from preventing the plaintiff's present use of his premises because of prior actions of town officials.

In general, estoppel may not be invoked against a municipality in the exercise of its government functions. *West Hartford* v. *Gelinas,* 18 Conn. App. 688, 690–91, 559 A.2d 1176 (1989); *Totino* v. *Zoning Board of Appeals,* 41 Conn. Sup. 398, 400, 578 A.2d 681 (1990). An exception to this general rule has been recognized, however, "where the party claiming estoppel would be subjected to a substantial loss if the [public agency]

were permitted to negate the acts of its agent." *Zoning Commission* v. *Lesczynski,* 188 Conn. 724, 731–32, 453 A.2d 1144 (1982). "Estoppel against municipalities is therefore limited and may be invoked against the enforcement of zoning regulations (1) only with great caution, (2) only when the resulting violation has been unjustifiably induced by an agent having authority in such matters, and (3) only when special circumstances make it highly inequitable or oppressive to enforce the regulations." (Internal quotation marks omitted.) *Gelinas* v. *West Hartford,* 225 Conn. 575, 590, 626 A.2d 259 (1993); *Zoning Commission* v. *Lescynski,* supra, 731. "[A]ny claim of estoppel is predicated on proof of two essential elements: the party against whom estoppel is claimed must do or say something calculated or intended to induce another party to believe that certain facts exist and to act on that belief; and the other party must change its position in reliance on those facts, thereby incurring some injury." (Internal quotation marks omitted.) *Middlesex Mutual Assurance Co.* v. *Walsh,* 218 Conn. 681, 699, 590 A.2d 957 (1991); *O'Sullivan* v. *Bergenty,* 214 Conn. 641, 648, 573 A.2d 729 (1990).

The burden of proof is on the party asserting a claim of estoppel. *Middlesex Mutual Assurance Co.* v. *Walsh,* supra, 218 Conn. 699; see *Cleary* v. *Zoning Board,* 153 Conn. 513, 518, 218 A.2d 523 (1966). The party claiming estoppel must also show that he exercised due diligence to ascertain the truth. *Stephen Reney Memorial Fund* v. *Old Saybrook,* 4 Conn. App. 111, 116, 492 A.2d 533 (1985).

In support of his claim of estoppel, the plaintiff argues that four actions by town officials induced him to use his premises in a manner that violated the applicable zoning regulations. The plaintiff argues first that he was granted permits for the occupancy of a mobile home, a pole barn, a tool shed and a garage. Second,

the plaintiff claims that for ten years, the town zoning enforcement officer made periodic visits to the site and never mentioned any problem regarding the use of his property. Third, the plaintiff asserts that he relied on a statement by then zoning enforcement officer Robert Lecko, at a 1985 board meeting that "everyone in town was in compliance with regulations." Fourth, the plaintiff argues that when he purchased the property in 1979, he was advised orally by Lecko that he could have four trucks on the premises. For the foregoing reasons, the plaintiff claims that he was induced to believe that he had a "grandfathered" commercial use of the property and thereby the board is estopped from enforcing the cease and desist order.

The various permits issued to the plaintiff were issued for separate and distinct projects. These permits specifically state that all work must comply with applicable zoning regulations and that no changes may be made unless authorized by the building officer. The fact that the board granted the plaintiff the permits to build these specific projects does not lead to the conclusion that the board purposely induced the plaintiff to make unpermitted use of the premises. See *Stephen Reney Memorial Fund* v. *Old Saybrook,* supra, 4 Conn. App. 116.

As to the zoning enforcement officer's periodic visits to the plaintiff's premises, the court may conclude that the board had actual or constructive knowledge of the unpermitted use of the plaintiff's property. It cannot be deemed, however, that the unpermitted use of the plaintiff's premises was officially authorized or induced by the board. *West Hartford* v. *Gelinas,* supra, 18 Conn. App. 691–92.

In response to a request from two board members at a June, 1985, meeting, Lecko presented an oral report stating that "everyone in town was in compli-

ance with the regulations." This blanket statement may have led the plaintiff, who was in attendance, to believe he was in compliance with the zoning regulations. It fails, however, to qualify as a statement that would specifically *induce* the plaintiff to use his property contrary to zoning regulations.

The final action by town officials that purportedly induced the plaintiff to act was the alleged oral promise, made in 1979 by Lecko, that the plaintiff could have four trucks on the premises. Insofar as Lecko is deceased, he was unavailable to testify and his statement was offered solely through the testimony of the plaintiff.

Hearsay is admissible in administrative proceedings as long as it is reliable and probative. *Tomlin* v. *Personnel Appeal Board,* 177 Conn. 344, 348, 416 A.2d 1205 (1979). The board accepted the testimony of the plaintiff as to his conversations with Lecko. The credibility of this testimony was solely within the province of the board; *Primerica* v. *Planning & Zoning Commission,* supra, 211 Conn. 96; and the board failed to find the testimony compelling enough to justify the plaintiff's claim of estoppel. There is no evidence to indicate that the board acted unreasonably, arbitrarily, or illegally in making this finding. *Pleasant View Farms Development, Inc.* v. *Zoning Board of Appeals,* supra, 218 Conn. 269–70. Accordingly, the plaintiff's claim of estoppel is denied.

For all of the foregoing reasons, the plaintiff's appeal is dismissed.