## DAVID A. ZEIGLER *v.* TOWN OF THOMASTON ET AL.
### (15115)

BORDEN, BERDON, NORCOTT, KATZ and PALMER, Js.

Argued January 13—decision released February 21, 1995

*Richard D. Gilland,* with whom, on the brief, was *Mark Malley,* for the appellant (plaintiff).

*Michael D. Rybak,* with whom, on the brief, was *Brian M. Yard,* for the appellees (defendants).

PER CURIAM. The plaintiff, David A. Zeigler, appeals from the judgment of the trial court dismissing his zoning appeal[1] from a decision of the defendant zoning

---

[1] The Appellate Court granted certification to appeal pursuant to General Statutes § 8-8 (o), which provides: "There shall be no right to further review [of the judgment of the trial court in a zoning appeal taken pursuant to § 8-8] except to the appellate court by certification for review, on the vote of two judges of the appellate court so to certify and under such other rules as the judges of the appellate court establish. The procedure on appeal to the appellate court shall, except as otherwise provided herein, be in accordance with the procedures provided by rule or law for the appeal of judgments rendered by the superior court unless modified by rule of the judges of the appellate court."

Following the grant of certification, the plaintiff appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to Practice Book § 4023 and General Statutes § 51-199 (c).

board of appeals of the town of Thomaston (board).[2] The board's decision had sustained in part a certain cease and desist order issued to the plaintiff by the town's zoning enforcement officer. The plaintiff had appealed to the board from the order on the ground that his commercial use of the property in question constituted a valid nonconforming use. In those parts of the board's decision sustaining the cease and desist order, the board stated that the plaintiff had failed to establish a valid nonconforming commercial use of the property.

The plaintiff appealed to the trial court on several grounds. The trial court addressed and rejected each claim of the plaintiff, and dismissed the appeal. This appeal followed.

After examining the record on appeal, and after considering the briefs and arguments of the parties, we conclude that the judgment of the trial court must be affirmed. The issues raised by the plaintiff were properly resolved in the thoughtful and comprehensive memorandum of decision of the trial court.[3] See *Zeigler* v. *Thomaston*, 43 Conn. Sup. 373, 654 A.2d 392 (1994). It would serve no useful purpose for us to repeat the discussion therein contained. See *Advanced Busi-*

---

[2] Also named as a defendant was the town of Thomaston.

[3] The only claim of the plaintiff not specifically referred to in the trial court's memorandum of decision is that the testimony of the owner of the property when the zoning ordinances became effective, James Fairchild, was insufficient to establish that the property was not being used for commercial purposes on that date. The plaintiff argues that Fairchild's testimony was limited to a particular portion of the property, parcel B, that was not identified as a separate parcel until after the effective date of the zoning ordinances. We read the record differently. We are satisfied that Fairchild's testimony amply supports the conclusion that, as of the effective date of the zoning ordinances, the entire property was not being used for commercial purposes and had not been so used for approximately two years. Furthermore, as the trial court aptly noted, it was the plaintiff's burden to establish a nonconforming use on the effective date, and the board was not required to credit the plaintiff's evidence in that respect.

*ness Systems, Inc.* v. *Crystal*, 231 Conn. 378, 380–81, 650 A.2d 540 (1994); *Van Dyck Printing Co.* v. *DiNicola*, 231 Conn. 272, 274, 648 A.2d 877 (1994).

The judgment is affirmed.