MICHAEL E. NAZARKO ET AL. *v.* CONSERVATION
COMMISSION OF THE TOWN OF
EAST LYME ET AL.
(AC 17164)
(AC 17186)

Landau, Sullivan and Daly, Js.

Argued June 9—officially released September 29, 1998

*Edward B. O'Connell*, for the appellant (named defendant).

*Theodore A. Harris*, for the appellant (defendant Niantic Sportsmen's Club, Inc.).

*David F. Sherwood*, for the appellees (plaintiffs).

*Janet P. Brooks*, assistant attorney general, with whom, on the brief, was *Richard Blumenthal*, attorney general, for the appellee (defendant commissioner of environmental protection).

*Opinion*

DALY, J. The plaintiff abutting property owners appealed to the trial court from the decision of the defendant conservation commission of the town of East Lyme (commission) granting the application of the defendant Niantic Sportsmen's Club, Inc. (club), for a special permit to operate a skeet shooting range on its property. The trial court sustained the appeal on the ground that an ex officio member of the commission failed to disqualify himself from the proceedings.

The defendants' petition for certification to appeal having been granted,[1] the following issues have been raised: (1) whether General Statutes § 22a-42 (c) applies to Ronald Rando, an ex officio member of the commission; (2) whether Rando's participation in the proceedings invalidates the commission's actions; and (3)

---

[1] The commissioner of environmental protection has intervened as an appellee.

whether the plaintiffs' failure to object to Rando's participation at the hearing precludes the plaintiffs from raising the issue of disqualification.[2]

" 'The scope of our appellate review depends upon the proper characterization of the rulings made by the trial court. To the extent that the trial court has made findings of fact, our review is limited to deciding whether such findings were clearly erroneous. When, however, the trial court draws conclusions of law, our review is plenary and we must decide whether its conclusions are legally and logically correct and find support in the facts that appear in the record.' " *Westport Taxi Service, Inc.* v. *Westport Transit District,* 235 Conn. 1, 14, 664 A.2d 719 (1995).

I

The defendants maintain that § 22a-42 (c), which provides in relevant part that "[n]o member or alternate member of such board or commission shall participate in the hearing or decision of such board or commission of which he is a member upon any matter in which he is directly or indirectly interested in a personal or financial sense," is inapplicable because Rando was an ex officio member. In November, 1993, Rando was elected to serve a two year term as a member of the board of selectmen in the town of East Lyme. Pursuant to § 3.2.2. of the charter of the town of East Lyme, Rando was appointed by the first selectman to serve as an ex officio member of the conservation commission from 1993 to 1995.[3]

---

[2] The defendants also listed as an issue the denial of their motion to reargue. Because that issue was not briefed, however, it is deemed to be abandoned. See *Stroiney* v. *Crescent Lake Tax District,* 205 Conn. 290, 292 n.2, 533 A.2d 208 (1987).

[3] Section 3.2.2. of the charter of the town of East Lyme provides in relevant part that "[w]ithin thirty days after the Board of Selectmen takes office, "the first selectman shall designate each of the other members of the Board of Selectmen as an ex-officio member without vote, of one or more of the town boards. . . ."

The defendants rely on *Lurie* v. *Planning & Zoning Commission*, 160 Conn. 295, 309, 278 A.2d 799 (1971), and *Ghent* v. *Zoning Commission*, 220 Conn. 584, 600 A.2d 1010 (1991), as exempting ex officio members from participation. Their reliance is misplaced because *Lurie* involved the first selectman of the town of Westport, and *Ghent* involved the mayor of Waterbury in their ex officio capacities. Mayors and other chief executives, when popularly elected, expect to become proponents for legislative change. Id., 588. The purpose of making a mayor chairman ex officio of various boards and commissions in the city "is to allow him to have some input into the work of these agencies." Id., 589–90.

We conclude that the statute is ambiguous concerning ex officio members. "[T]o ascertain and give effect to the apparent intent of the legislature, we must examine the language of the statute in light of the purpose that it was designed to achieve. . . . In implementing the purpose of the statute, [w]e must avoid a construction that fails to attain a rational and sensible result that bears directly on the purpose the legislature sought to achieve. . . . If there are two possible interpretations of a statute, we will adopt the more reasonable construction over one that is unreasonable." (Citations omitted; internal quotation marks omitted.) *Jones* v. *Mansfield Training School*, 220 Conn. 721, 726, 601 A.2d 507 (1992).

We have repeatedly emphasized that " '[n]eutrality and impartiality of members are essential to the fair and proper operation of . . . [zoning] authorities.' " *Fletcher* v. *Planning & Zoning Commission*, 158 Conn. 497, 507, 264 A.2d 566 (1969). It is not unreasonable to apply the same standards to ex officio members.

## II

The defendants next claim that Rando's limited participation did not invalidate the commission's action.

Rando was present at the public hearing on June 8, 1994, during which he sat at the commission's table and asked two questions of the plaintiffs' witness, Richard Whiting, and one question of the chairman. He did not attend the June 9, 1994 public hearing, but did attend the hearing on June 10, 1994, during which he asked one question regarding how long shooting had been going on at the Remington Arms Range and was challenged as being biased by Michael Stephens. He did not participate in the voting.

Rando testified before the trial court that part of his duties as a selectman was to appoint members of the commission. He further testified that he held membership in the club, and that as the owner of the only gun shop in town he may have sold shotgun shells and guns to fellow members.

"[T]he appearance of impropriety created by a public official's participation in a matter in which he has a pecuniary or personal interest is sufficient to require disqualification. See General Statutes §§ 8-11 and 8-21. 'This prophylactic rule serves the salutary purposes of promoting public confidence in the fairness of the decision-making process and preventing the public official from placing himself in a position where he might be tempted to breach the public trust bestowed upon him. See *Thorne* v. *Zoning Commission*, [178 Conn. 198, 203–205, 423 A.2d 861 (1979)].' *Gaynor-Stafford Industries, Inc.* v. *Water Pollution Control Authority*, 192 Conn. 638, 649–50, 474 A.2d 752 (1984). The test is not whether the personal interest does conflict but whether it reasonably might conflict." *Petrowski* v. *Norwich Free Academy*, 199 Conn. 231, 241, 506 A.2d 139, appeal dismissed, 479 U.S. 802, 107 S. Ct. 42, 93 L. Ed. 2d 5 (1986). "A personal interest, we have said, is 'a personal bias or prejudice which imperils the openmindedness and sense of fairness which a zoning official in our state is required to possess.' " *Fletcher* v. *Planning & Zoning Commission*, supra, 158 Conn. 506. "Public policy

requires that members of public boards cannot be permitted to place themselves in a position in which personal interest may conflict with public duty."[4] *Zeigler* v. *Thomaston*, 43 Conn. Sup. 373, 381, 654 A.2d 392 (1994), aff'd, 232 Conn. 270, 654 A.2d 352 (1995).

The decision as to whether a particular interest is sufficient to disqualify is necessarily a factual one and depends on the circumstances of the particular case. In this case, the trial court, having reasonably found that Rando had such a personal interest, did not abuse its discretion in determining that he should have disqualified himself, notwithstanding the plaintiffs' failure to object to his participation.

The judgment is affirmed.

In this opinion SULLIVAN, J., concurred.

LANDAU, J., concurring. I agree with the majority's conclusion that the ex officio member of the board of selectmen should have disqualified himself but disagree with its analysis concerning that issue. Accordingly, I concur in the result but write separately to indicate my disagreement.

The judicial gloss applied to General Statutes § 22a-42 through *Lurie* v. *Planning & Zoning Commission*, 160 Conn. 295, 278 A.2d 799 (1971), and *Ghent* v. *Zoning Commission*, 220 Conn. 584, 600 A.2d 1010 (1991), teaches that § 22a-42 does not apply to a mayor or a first selectman who does not have a pecuniary or personal interest, other than the advancement of political ambitions. In the present case, however, the ex officio member of the board of selectmen does have a personal interest. Therefore, *Ghent* and *Lurie* cannot be applied in the present case, and the defendants' reliance on *Ghent* and *Lurie* is misplaced.

---

[4] Commission member Brian Neylon, a member of the club, offered to disqualify himself and ultimately did so at the request of the club.

554

As a result, we must look to the statute, which clearly states that "[n]o member . . . shall participate . . . upon any matter in which he is directly or indirectly interested in a personal or financial sense . . . ." General Statutes § 22a-42 (c). Because the statute precludes *any* interested member from participation, the capacity in which the member serves is irrelevant. In the present case, Rando is a member, although ex officio, who has an interest. Therefore, the statute precludes his participation.

The statute is not ambiguous, and I would affirm the trial court's decision merely by applying the statute.