[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this appeal the plaintiff challenges the decision of the Woodbury Zoning Board of Appeals (ZBA) upholding a cease and desist order issued to the plaintiff on May 8, 1997. The order stated that the "[z]oning [c]ommission has found that music played indoors in connection with the approved legal nonconforming activities is permitted as an accessory or incidental use. However the playing of music indoors as a primary attraction not connected with the permitted legal non-conforming uses is not permitted." (Return of Record [ROR], Exhibit A.1, Cease and Desist Order dated May 8, 1997.)
The plaintiff presents three arguments[1] in this appeal of the ZBA decision to uphold the cease and desist order. First, the plaintiff argues that because the board did not provide the reasons for its decision, the court must search the record to examine whether there are "sufficient reasons" to support the decision of the board. (Plaintiff's Brief, p. 9.) "Where a zoning board of appeals does not formally state the reasons for its decision . . . the trial court must search the record for a CT Page 14226 basis for the board's decision." Bloom v. Zoning Board ofAppeals, 233 Conn. 198, 208, 658 A.2d 559 (1995). In the present case the board did not provide the reasons for its decision. Therefore, the court has reviewed the record to find the basis of its determination.
The second argument advanced by the plaintiff is that the board was improperly comprised and could not take action on his appeal. Further, automatic approval of the appeal was required because a properly comprised board did not act on the appeal during the statutorily required time period[2]. The defendant relies on Fleischman v. Board of Examiners, 22 Conn. App. 181,186, 576 A.2d 1302 (1990) (noting "[a] board may act as long as there exists a quorum equal to a majority of all the actual members of the board"), and responds by arguing that the board was properly comprised because a quorum equal to a majority was present. Additionally, the defendant argues that under Leo Fedus Sons Construction Co., Inc. v. Zoning Board of Appeals,225 Conn. 432, 436, 623 A.2d 1007 (1993), the automatic approval doctrine does not apply to the decisions of zoning boards of appeals. (Defendant's Brief, pp. 9-12.)
In Fleischman v. Board of Examiners, 22 Conn. App. 181,576 A.2d 1302 (1990), the court noted that action taken by a majority of a board is valid. "In the absence of legislative restriction, the general rule is that a committee or commission performing such functions as those exercised by the zoning commission in this case can take valid action at a meeting of which all members have proper notice and at which a majority are present." Id., 186.
In the present case, by a vote of 3-1 the ZBA decided to uphold the cease and desist order.[3] Therefore, a majority of the members were present, and under Fleischman, the action taken by the board is valid.
The third argument advanced by the plaintiff is that there was insufficient evidence for the board to conclude that he was conducting night club activities at the ski lodge. The Woodbury Zoning Regulations define night club as, "a commercial enterprise whose primary function is to provide music or entertainment or both and which may provide food and/or beverages for onsite consumption." (ROR, Exhibit E: Woodbury Zoning Regulations, p. 2-11.) CT Page 14227
The plaintiff argues that indoor music is allowed as an accessory use, and that the music which was played on the night in question was merely an exercise of that accessory use right. Further, the plaintiff argues that the primary function of the lodge was not for night club activities. The defendants argue that there is ample evidence to support the decision of the ZBA.
"Conclusions reached by the commission must be upheld by the trial court if they are reasonably supported by the record. The credibility of the witnesses and the determination of issues of fact are matters solely within the province of the agency. The question is not whether the trial court would have reached the same conclusion but whether the record before the agency supports the decision reached." Zeigler v. Thomaston, 43 Conn. Sup. 373,377, 654 A.2d 392 (1994), aff'd 232 Conn. 270, 654 A.2d 352
(1995).
"[A] zoning board of appeals . . . is endowed with a liberal discretion, and its [actions are] subject to review by the courts only to determine whether [they were] unreasonable, arbitrary or illegal . . . The burden of proof to demonstrate that the board acted improperly is upon the party seeking to overturn the board's decision . . . In an appeal from the decision of a zoning board, [the courts] therefore review the record to determine whether there is factual support for the board's decision, not the contentions of the applicant." Zeigler v. Thomaston,43 Conn. Sup. 373, 377, 654 A.2d 392 (1994), aff'd 232 Conn. 270,654 A.2d 352 (1995).
In the present case, there is ample evidence that the indoor music was a primary attraction in violation of the Woodbury Zoning Regulations rather than an accessory to a permitted activity. Resident Trooper Binkowski reported that on the day in question an indoor concert was held in conjunction with a skateboard party, but that the concert served as the primary attraction of the day.[4] (ROR, Exhibit C: Letter from Zoning Commission to Roderick Taylor, dated 5/8/97; Exhibit E: Transcript of Zoning Board Meeting dated 8/18/97, p. 3.) Further, testimony from the plaintiff's witness reveals that few people at the event were skateboarding. (ROR, Exhibit E.2, p. 15.) Moreover, the time the band was scheduled to play denotes that it was not intended as an accessory to skateboarding. The band was not scheduled to begin playing until the evening, and was to continue into the night after the skateboarding event ended. (ROR, Exhibit E.3, p. 20.) There is substantial evidence CT Page 14228 to uphold the decision of the ZBA. The plaintiff's appeal is denied.
GILL, J.