[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs, landowners in the Town of Haddam, appeal from the decision of the defendant Planning and Zoning Commission of the Town of Haddam (the Commission) granting the application for a special permit for a 14-acre parcel located between Church Hill Road and Jail Hill Road in the Town of Haddam. The special permit granted allowed the construction and maintenance of a municipal outdoor recreational facility including a soccer field and two ball fields by the Town of Haddam. The parties filed briefs and the court took testimony and heard argument on November 5, 1999. For the reasons set forth below, the court dismisses the appeal and sustains the action of the Commission.
 I. FACTS
The Town of Haddam filed an application with the Commission for a special permit for the construction of a municipal outdoor recreational facility on May 18, 1998 (Return of Record, Item 19). The property, which is the subject of the application, is a 14.4-acre parcel located on Jail Hill Road in Haddam, owned by the State of Connecticut. The property has been leased to the CT Page 1480 Town of Haddam in a ninety-nine year lease approved by an Act of the General Assembly of the State of Connecticut. (ROR, Item 19). The Commission held public hearings on the application on June 15, 1998, June 29, 1998, July 6, 1998 and concluded the hearings on July 20, 1998. (ROR, Items 14-17). Much evidence was received at the heating in the form of direct testimony, studies, plans, reports and photographs.[1] The plaintiffs challenged the participation of the Chairman, Commissioner Baranoff, as well as of Commissioner Duval in the hearing and the decision on the application. The challenge claimed an impermissible conflict of interest because of the Commisioners' earlier participation in the Haddam Little League and in a committee appointed to study the question of ballfields in the Town of Haddam (ballfields committee). The plaintiffs based their attack on the commissioners' claimed active support of the proposal in those committees. After the close of the public hearing, the Commission voted in favor of the application subject to specific conditions. (ROR, Exhibit 13). Both Commissioners Baranoff and Duval voted in favor of the application. The vote was five in favor, one against with one abstention. (ROR, Item 10.) Notice of the Commission's decision was duly published on August 10, 1998. (Return of record, Item 12).
On August 21, 1998, the plaintiffs filed this appeal pursuant to Connecticut General Statutes § 8-8, requesting that the court sustain the appeal and reverse the Commission's decision to issue the special permit and permit the municipal recreational facility to be constructed and operated. The plaintiffs claim that by issuing the special permit, the Commission acted illegally, arbitrarily, and in abuse of the discretion vested in it for three reasons:
 (a) an impermissible conflict of interest existed pursuant to Connecticut General Statutes § 8-11 because of the participation by commission members Baranoff and Duval in the hearing and the decision reached;
 (b) the Town of Haddam had no interest in the property and the application was not signed by an authorized party for the owner, the State of Connecticut;
 (c) the Commission failed to adequately take into consideration public health, welfare and safety in granting the permit.
On January 5, 1999, the Defendant Commission filed its answer to CT Page 1481 the complaint. The plaintiffs filed their brief on March 12, 1999. The Commission's brief was completed and filed on April 10, 1999. On June 7, 1999, the Plaintiffs filed an application for a temporary restraining order as work on the ballfields had commenced. On June 15, 1999, after hearing, the court denied the application. (Gordon, J.)
 11. Jurisdiction
Appeals from decisions of a zoning commission may be taken to the Superior Court. Connecticut General Statutes § 8-8.
 "Appeals to courts from administrative agencies exist only under statutory authority . . . A statutory right of appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created. . . . Such provisions are mandatory, and, if not complied with, the appeal is subject to dismissal . . ." (internal citations omitted). Office of Consumer Counsel v. Department of Public Utility Control, 234 Conn. 624, 640, 662 A.2d 1251 (1995).
The court therefore will review in detail the factual basis for the exercise of its jurisdiction.
A. Timeliness and Service of Process
The record of the Commission's proceedings and the court file reflect that notice of the decision of the Commission was duly published on August 10, 1998 and that the Plaintiffs filed the appeal within the time specified within the statute on August 21, 1998. The court further finds that the appeal was properly served as set forth in Connecticut General Statutes § 8-8 (b). The court finds that all statutory provisions concerning the taking of the appeal have been met.
B. Aggrievement
Aggrievement is a jurisdictional prerequisite to maintaining any zoning appeal. Winchester Woods Associates v. Planning andZoning Commission, 219 Conn. 303, 307, 592 A.2d 953 (1991);DiBonaventura v. Zoning Board of Appeals, 24 Conn. App. 369, 373,588 A.2d 244 (1991). There are two types of aggrievement,. First, an individual property owner is aggrieved by virtue of ownership of property abutting or within one hundred feet of the land subject to the decision of the Commission. Connecticut General CT Page 1482 Statutes § 8-8. Second, "(a)ggrievement is established if there is a possibility, as distinguished from a certainty, that some legally protected interest. . . . . . . has been adversely affected." (internal citations omitted). Connecticut ResourcesRecovery Agency v. Planning Zoning Commission, 225 Conn. 731,739 n. 12, 626 A.2d 705 (1993).
The Plaintiffs introduced exhibits concerning aggrievement pursuant to the first ground at the trial of the matter. The court finds, from that evidence, that the Plaintiffs Whitney Brooks, Jr., and Merle P. Brooks are statutorily aggrieved by virtue of their ownership of land within one hundred feet of the subject land. The plaintiffs Kenneth J. Marszalek, Carol A. Marszalek, Rudolf F. Marica and Helen K. Marica are statutorily aggrieved because their land abuts the parcel in question.[2]
Because the court has found that the appeal was timely served on the proper parties and that the plaintiffs are statutorily aggrieved, the court has jurisdiction to hear the appeal presented.
 III. Discussion A. Impermissible Conflict of Interest
The Plaintiffs claim two commission members, Commissioner Baranoff and Commissioner Duvall, should not have participated in the hearing because of their previous participation in the committee studying the location and building of ballfields in the Town of Haddam, their membership in the Haddam Little League and their obvious support of the proposal. They allege that Connecticut General Statutes § 8-11 has been violated. The statute states:
 "No member of any zoning commission or board and no member of any zoning board of appeals shall participate in the hearing or decision of the board or commission of which he is a member upon and matter in which he is directly or indirectly interested in a personal or financial sense." (emphasis added).
The statute prohibits two kinds of interests, either personal or financial. The existence of either one of these types of conflicts would prohibit a commission member from acting upon an application in which she had such an interest. In support of their claim, plaintiffs filed a motion to present evidence CT Page 1483 outside of the record on the issue of the nature of the conflicts alleged.
1. Evidence outside the record
While all parties agreed that evidence could be taken outside the record with regard to any personal or financial interest that the Commission members may have had, the Commission objected to any testimony concerning whether or not the special permit application had been prejudged or predetermined by a commission member. The Commission argued that this presented a completely different issue, neither covered by the statute cited and nor raised by the pleadings filed by the plaintiffs. The court reserved judgment on the objection, hearing the evidence with its ruling held in abeyance. The court, having now considered the question and the applicable law, overrules that objection.
The court overrules the objection because the case law interpreting Connecticut General Statutes § 8-11 does not create the precisely limited distinction the Defendant Commission suggests. Our Supreme Court has held that:
 "A personal interest, we have said, is `a personal bias or prejudice which imperils the openmindedness and sense of fairness which a zoning official in our state is required to possess.'" Fletcher v. Planning Zoning Commission, 158 Conn. 497, 506, 264 A.2d 566 (1969). "Public policy requires that members of public boards cannot be permitted to place themselves in a position in which personal interest may conflict with public duty." Zeigler v. Thomaston, 43 Conn. Sup. 373, 381, 654 A.2d 392 (1995).
The decision as to whether a particular interest is sufficient to disqualify is necessarily a factual one and depends on the circumstances of the particular case. Armstrong v. Zoning Boardof Appeals, 158 Conn. 158, 171, 257 A.2d 799 (1984). Since such information would typically exist outside the record of any zoning application, the court permits the evidence thus presented at the hearing to stand and, as stated, overrules the Defendant's objection to it.
2. The conflict of interest of Commissioners Baranoff and Duval
The conflict of interest possessed by the named commissioners, the plaintiffs claim, as previously stated, is based on their CT Page 1484 activities in support of locating a site for the construction of new ballfields within the Town as well as their participation in the Haddam Little League. Both were active participants in the "ballfields committee" from the early 1990s, Commissioner Duval testified. The committee, he stated, secured funds for its study from the Town' First Selectman. Commissioner Duval also signed the application to secure a variance for the land on Jail Hill Road, as the Town regulations required a 20-acre parcel. This application was dated February 2, 1995 and granted. Commissioner Duval stated that if it had been denied, the committee could have secured additional land as the parcel on Jail Hill Road owned by the State of Connecticut is far larger than the parcel ultimately leased by the Town of Haddam. Commissioner Duval confirmed, as appears in the record, that the Selectmen's office submitted the present application and signed it. He was not asked and did not admit to prejudging the application prior to its submission to the Commission. While Commissioner Baranoff did not testify before the court, the record indicates that just prior to the vote on the application, he stated for the record that he had no personal or financial interest in the ballfields application. He stated "he would not abstain because he had volunteered for the ballfields committee and the Planning and Zoning Commission with the best interests of the town in mind, including the children in town. He also stated that has no personal interest in the ballfields due to the fact that his children are too old to play on these proposed fields." (ROR, Minutes of the Meeting of August 3, 1998, Item 10.)
The gravemen of the plaintiffs' argument is that the active participation by Commissioners Duvall and Baranoff on the ballfields committee and the Haddam Little League caused the commissioners to "form prejudged conclusions as to their decision in this matter".[3] Their actions, they claim, impermissibly tainted the judgment of the commission concerning the application. This claim the plaintiffs raised not only at trial, but also before the commission prior to the close of the hearing on the application for the special permit. There is no claim that the commissioners had any financial interest, direct or indirect, in the application.
In addition to the definition of "personal interest" pursuant to Connecticut General Statutes § 8-11 previously cited, our courts have expanded on the issue to state:
 "A personal interest is either an interest in the subject CT Page 1485 matter or a relationship with the parties before the zoning authority impairing the impartiality expected to characterize each member of the zoning authority. A personal interest can take the form of favoritism toward the opposing party; a personal bias or prejudice which imperils the open-mindedness and sense of fairness which a zoning official in our state is required to possess." Anderson v. Zoning Commission, 157 Conn. 285, 290-291, 253 A.2d 16 (1968).
The Anderson court also noted:
 "Local governments would . . . be seriously handicapped is any conceivable interest, no matter how remote or speculative, would require the disqualification of a zoning official. If this were so, it would not only discourage but might even prevent capable men and women from serving as members of various zoning authorities. Of course, courts should scrutinize with great care and condemn anything which indicates the likelihood of corruption or favoritism. They must, however, also be mindful that to abrogate a municipal action on the basis that some remote or nebulous interest may be present would be to deprive unjustifiably, a municipality, in many important instances, of the services of its duly elected or appointed officials. Anderson, supra, p. 291. See also Furtney v. Zoning Commission, 159 Conn., 585, 271 A.2d 319 (1970).
The Connecticut Supreme Court, in the case of Holt-Lock v.Planning and Zoning Commission, 161 Conn. 182, 286 A.2d 299
(1971) considered a claim based on similar facts. In that case, a member of the commission was also a member of the Conservation Commission in the town and, the plaintiffs argued, was required in that capacity to be disqualified because this presented an impermissible conflict of interest. The court found that the member had participated in the Conservation Commissions meetings and took part in the discussions, which caused a letter to be sent to the Planning and Zoning Commission. The Commissioner "Burns knew of the contents of the letter and was in sympathy with the feelings expressed in it." Holt-Lock, supra, p. 187, 188. The trial court concluded in that case that this commissioner had not prejudged the application. The Appellate court did not find error in this analysis.
The court concludes that the Commissioners Baranoff and Duval, in participating both in the Haddam Little League, the ballfields committee as well as the Commission, were in a situation similar CT Page 1486 to that of Commissioner Burns in Holt-Lock. Their interest was not a personal bias or prejudice, nor does the record reflect that their open-mindedness was imperiled. To hold otherwise would be to seriously limit the work of municipalities, who must rely on interested volunteers for much of their work. Such volunteers, by the very nature of their active involvement in their communities, are likely, from time to time, to have opinions about matters of public concern, which come before them. The record and the evidence do not support the claim that either Commissioner Baranoff or Duval had a material conflict of interest pursuant to Connecticut General Statutes § 8-11, which was sufficient to disqualify them from hearing the evidence, discussing the application and then voting on the application under consideration.
The court further notes that, even if the court were to conclude that these commission members should have disqualified themselves from participating in the hearing, discussion and subsequent vote, their abstention would not have caused the application to fail. At the conclusion of the hearing, the record reflects that three of the remaining members of the commission supported granting the application and two were against. In such cases, the courts have not adopted a per se rule of invalidation of a commission's action, when a conflict is found. Where a required majority exists without the vote of the disqualified member, that member's presence, without more, will not invalidate the subsequent decision. Murach v. Planning and ZoningCommission, 196 Conn. 192, 201-202, ___ A.2d ___ (1985). TheMurach court noted that "material prejudice" must be shown before the decision of the commission could be set aside. The court notes no statements or arguments made by either Commissioner Baranoff or Commissioner Duval in an attempt to influence or sway the other members of the Commission. As was also noted in Murach,
it is the plaintiffs' burden to show such an impermissible attempt. In this, the court finds, the plaintiffs were not successful.
 B. The failure of a representative of the State of Connecticut to sign the application for the special permit and the claim that the Town did not secure the necessary lease approvals from the municipality and the Planning Commission pursuant to Connecticut General Statutes § 8-24.
The second prong of the plaintiffs' attack on the Commission's action in granting the permit is that a representative of the CT Page 1487 State of Connecticut, the owner of the property, did not sign the application. Also, they claim the lease between the State of Connecticut and the Town of Haddam was not properly approved pursuant to Connecticut General Statutes § 8-24. The court finds, however, that on December 15, 1997, the municipality approved the lease. As to the remaining claim, the court concludes that the Town of Haddam, as lessee, had standing to file the zoning application, as it possessed a ninety-nine year lease to the property specifically approved by a special act of the Connecticut Legislature. See Primerica v. Planning and ZoningCommission, 211 Conn. App. 85, 94, 558 A.2d 646 (1989). Further as noted by the Commission, the Haddam Zoning Regulations § 14.1(a) and § 15.6 require only that the name and address of the owner and applicant be disclosed and not that an owner sign the application.[4] The court finds, from the record, that the Town complied with this requirement in the application. (ROR, Item 84.)
 C. Failure of the Commission to consider the public health, welfare and safety.
The last claim advanced by the plaintiffs is that the Commission acted illegally, arbitrarily and in abuse of the discretion vested in it because it did not consider issues of public health, welfare and safety. The court notes that the plaintiffs presented their concerns at the hearing held concerning water runoff, traffic and other safety concerns in detail. The commission also received reports from its engineers addressing those concerns, which were extensively reviewed. Indeed the site plan was modified to take such issues into consideration.[5]
The court's permissible review of the Commission's decision on these grounds is limited. Specifically, the Appellate and Supreme Courts have held:
 "It is well settled that courts are not to substitute their judgment for that of the board, and that decisions of local boards will not be disturbed as long as an honest judgment has been reasonably and fairly made after a full hearing. . . . The court's function is to determine on the basis of the record whether substantial evidence has been presented to the board to support its findings." (citations omitted; internal quotations marks omitted), Conetta v. Zoning Board of Appeal, 42 Conn. App. 133, 137-138, 677 A.2d 987 (1996).
 "Conclusions reached by the commission must be upheld by the trial court if they are reasonably supported by the record. The question is not whether the trial court would have reached the same conclusion, but whether the record before the [commission] support the decision reached . . . The action of the commission should be sustained if even one of the stated reasons is sufficient to support it." (Citations omitted; internal quotation marks omitted.) Property Group, Inc v. Planning and Zoning Commission, 226 Conn. 684, 697, 628 A.2d 1277 (1993).
It is not for the court to determine whether, in the first instance, the court would have acted in the same fashion, but rather, whether there was substantial evidence in support of the Commission's decision. The court finds, from the ample record, that there is sufficient and substantial evidence to sustain the reasonableness of the Commission's decision. The Court finds that the action taken was not illegal, arbitrary nor in abuse of the discretion vested in the Commission.
For all the foregoing reasons, the court dismisses the appeal and sustains the action of the Commission.
Barbara M. Quinn, Judge