JEFFREY A. WIGHT ET AL. *v.* TOWN OF
SOUTHINGTON ET AL.
(14931)

O'Connell, Spear and Hennessy, Js.

Argued September 25—officially released December 3, 1996

*Kevin J. Hecht*, for the appellants (plaintiffs).

*Michael Kurs*, with whom, on the brief, was *Alan I. Scheer*, for the appellees (defendants).

O'CONNELL, J. In this civil rights action brought pursuant to 42 U.S.C. § 1983, the plaintiffs appeal from the trial court's granting of summary judgment in favor of the defendants. The defendants are the town of Southington, the town planning and zoning commission (commission) and the members of that commission against whom the plaintiffs claim punitive damages in their individual capacities. The dispositive issue is whether the trial court properly determined that the plaintiffs did not have a constitutionally protected interest in the approval of their subdivision application.[1] We affirm the judgment of the trial court.

The plaintiffs were the owners of undeveloped land on Rahlene Drive in Southington. In September, 1991, they applied for a permit to subdivide the land into seven building lots. Following a hearing on September 17, 1991, the commission unanimously voted to approve the application. Notice of the approval was not immediately sent to the plaintiffs.

Because a commissioner was concerned that a proposed cul-de-sac was larger than permitted within the applicable zone, the commission, while convened at a regular meeting on October 1, 1991, voted to reconsider

---

[1] The plaintiffs claim that the trial court (1) improperly decided the issue of the propriety of the commission's reconsideration because this issue had been decided in the related zoning appeals and, thus, collateral estoppel applies, and (2) improperly made findings concerning the following material issues of fact: (a) the applicability of the zoning regulations regarding cul-de-sacs to the plaintiffs' application, (b) whether the plaintiffs' subdivision application complied with applicable regulations, and (c) whether the basis for reconsideration was proper.

the plaintiffs' application. The reconsideration was tabled until October 15, 1991. Notice of the September 17, 1991 approval was mailed on October 1, 1991, unaffected by the decision to reconsider. The next day, the commission sent the plaintiffs a certified letter notifying them of the commission's decision to reconsider the subdivision application.

On October 15, 1991, the commission reconvened with the plaintiffs present. The focus of the discussion was the previously mentioned cul-de-sac. The commission voted to table the plaintiffs' application until November 7, 1991. On October 24, 1991, the plaintiffs appealed the commission's decision to reconsider to the Superior Court, alleging that it was illegal and arbitrary.

On November 7, 1991, the commission again expressed concern about the proposed cul-de-sac and denied the plaintiffs' application by a four to three vote. Following the November 7, 1991 denial of the application, the plaintiffs filed a second appeal claiming that the denial was illegal and arbitrary. The trial court sustained the first appeal, ruling that the commission's reconsideration was improper, and dismissed the second appeal as moot.

In the present action, the plaintiffs claim, pursuant to 42 U.S.C. § 1983, that the commission's actions deprived them of their substantive and procedural due process rights guaranteed by the United States constitution.[2] The commission contends that the plaintiffs' constitutional claims must fail because the plaintiffs were not clearly entitled to an approval of their subdivision application. Additionally, the commission argues that it may reconsider its decisions and reverse itself before the expiration of the appeal period without implicating the plaintiffs' constitutional rights.

[2] The plaintiffs' original complaint alleged a violation of the Connecticut constitution. The trial court found that the appellants could not seek redress

We must first address whether the trial court properly concluded that the subsequent denial of the application did not violate the plaintiffs' constitutional rights. When a claim is made that the denial of a zoning application has deprived an applicant of a federal constitutional right, the trial court must first determine whether the party has a clearly established right to the zoning approval sought. *Kelley Property Development, Inc.* v. *Lebanon*, 226 Conn. 314, 321–22, 627 A.2d 909 (1993). "The clear entitlement test asks whether there is a certainty or a very strong likelihood that the application in question would have been granted, but for the wrongful conduct of the local officials. . . . A very strong likelihood means not simply a high probability of approval, but rather a virtual assurance of approval because any discretion is narrowly circumscribed. . . . Application of the [clear entitlement] test must focus primarily on the degree of discretion enjoyed by the issuing authority, not on the estimated probability that the authority will act favorably in a particular case." (Citations omitted; internal quotation marks omitted.) Id., 322–23.

In *Kelley Property Development, Inc.*, the local planning and zoning commission was asked to consider a subdivision application. Our Supreme Court held that the applicants' subdivision application was subject to the local land use regulations and also to the commissioner's discretion and thus did not clearly entitle the applicant to approval. Id., 323.

In the present case, the trial court properly concluded that Southington's zoning regulations authorized the commission to make discretionary decisions in evaluating the length of proposed cul-de-sacs. It is firmly established that wide and liberal discretion is vested in local zoning authorities when they have acted within their prescribed legislative powers. *Burnham* v. *Planning &*

under the Connecticut constitution and the appellants have not challenged this ruling on appeal.

*Zoning Commission,* 189 Conn. 261, 266, 455 A.2d 339 (1983). Because the commission had discretion to approve or deny the plaintiffs' subdivision application, it is readily apparent that the plaintiffs have not satisfied the clear entitlement test.

The next question is whether the reconsideration of the plaintiffs' application affected the trial court's decision that the plaintiffs' claim did not meet the clear entitlement test. In *Cicala* v. *Administrator, Unemployment Compensation Act,* 161 Conn. 362, 369, 288 A.2d 66 (1971), on which the trial court relied in the present case, the Supreme Court answered the question "whether an administrative officer is authorized, between the time his decision is rendered and the time it becomes final, to open that decision and reverse it." The Supreme Court recognized the "need for an opportunity for correction of errors, change of mind, or obtaining more adequate factual grounds for a decision . . . ." (Internal quotation marks omitted.) Id., 369–70. In *Cicala,* the unemployment compensation administrator issued a decision and subsequently opened and reversed it. The Supreme Court concluded that no vested rights intervened because the decision had not become final. Id., 370.

This court recently held that decisions of local zoning authorities do not become final until notice of the decision has been published. *Sharp* v. *Zoning Board of Appeals,* 43 Conn. App. 512, 526, 684 A.2d 713 (1996). Because there was no publication of the commission's decision in this case, it was not final.[3] Accordingly, the commission's reconsideration was lawful and did not affect the trial court's decision concerning the clear entitlement test.

The plaintiffs also argue that the defendants were estopped from claiming that the commission's rescis-

---

[3] We have reviewed the record and find no indication that the decision was published.

sion and reconsideration was legal because of rulings to the contrary made in the zoning appeal before another judge. This is not, however, a correct application of the law.

"In order for collateral estoppel to bar the relitigation of an issue in a later proceeding, the issue concerning which relitigation is sought to be estopped must be identical to the issue decided in the prior proceeding. To establish whether collateral estoppel applies, the court must determine what facts were necessarily determined in the first trial, and must then assess whether the [party] is attempting to relitigate those facts in the second proceeding." (Internal quotation marks omitted.) *Aetna Casualty & Surety Co.* v. *Jones*, 220 Conn. 285, 297, 596 A.2d 414 (1991). The issues involved in a zoning appeal are separate and distinct from those involved in a civil rights action under the federal statute. See *Natale* v. *Ridgefield*, 927 F.2d 101 (2d Cir. 1991). Because we are not considering issues identical to the zoning appeal, but instead are considering only the issue of clear entitlement, we conclude that the doctrine of collateral estoppel does not apply.

In view of the foregoing analysis, we do not reach the plaintiffs' other claims.

The judgment is affirmed.

In this opinion the other judges concurred.