[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT NO. 101
On October 30, 1996, the plaintiff, William Vincenzi, filed a four count complaint in breach of contract, bad faith, violation of the Connecticut Unfair Insurance Practices Act (CUIPA), and violation of the Connecticut Unfair Trade Practices Act (CUTPA) against the defendant, Nationwide Mutual Insurance Co. The plaintiff alleges in his complaint that, on November 1, 1994, while he was operating a motor vehicle northbound on Main Street in Trumbull, an unidentified force-and-run vehicle cut off a vehicle being operated by Ben Chodosh, forcing the Chodosh vehicle to collide with the plaintiff's vehicle. The plaintiff alleges that he suffered serious injuries from the collision. The CT Page 966 plaintiff further alleges that both he and Chodosh were insured by the defendant, that the accident was caused by the negligence of the driver of the unidentified vehicle, and that the defendant has failed to pay him uninsured motorist benefits under his policy of insurance.
On December 13, 1996, the defendant filed a motion for summary judgment on the plaintiff's complaint on the ground that the action is barred by the doctrine of collateral estoppel. The defendant also filed a memorandum of law in support. The plaintiff filed a memorandum of law in opposition to the defendant's motion for summary judgment on January 14, 1997.[1]
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . ." (Citations omitted; internal quotation marks omitted.) Doty v. Mucci, 238 Conn. 800,805, 679 A.2d 945 (1996). "`The test is whether a party would be entitled to a directed verdict on the same facts.'" Haesche v.Kissner, 229 Conn. 213, 217, 640 A.2d 89 (1994). "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. (Citation omitted; internal quotation marks omitted.) Doty v. Mucci, supra, 805-06.
The defendant argues that this action is barred by the doctrine of collateral estoppel because in binding arbitration between the plaintiff and Chodosh, the arbitrator determined that Chodosh was solely negligent even though he raised a defense of a negligent, unidentified third vehicle. The plaintiff contends that the arbitrator did not find whether the unidentified vehicle existed, therefore the issue was not actually litigated.
"`[C]ollateral estoppel, or issue preclusion, prohibits the relitigation of an issue when that issue was actually litigated and necessarily determined in a prior action. . . . For an issue to be subject to collateral estoppel, it must have been fully and fairly litigated. . . . The doctrine of collateral estoppel is CT Page 967 based on the public policy that a party should not be able to relitigate a matter which it had already has had an opportunity
to litigate.'" (Emphasis in original.) Connecticut Natural GasCorp. v. Miller, 239 Conn. 313, 324, ___ A.2d ___ (1996). "`In order for collateral estoppel to bar the relitigation of an issue in a later proceeding, the issue concerning relitigation sought to be estopped must be identical to the issue decided in the prior proceeding. To establish whether collateral estoppel applies, the court must determine what facts were necessarily determined in the first trial, and must then assess whether the [party] is attempting to relitigate those facts in the second proceeding.'" Wight v. Town of Southington, 43 Conn. App. 654,659, ___ A.2d ___ (1996). `"For an issue to be subject to collateral estoppel, it must have been fully and fairly litigatedin the first action. It must also have been actually decided and the decision must have been necessary to the judgment. . . . An issue is actually litigated if it is properly raised in the pleadings or otherwise, submitted for determination, and in fact determined. . . . An issue is necessarily determined if, in an absence of a determination of the issue, the judgment could not have been rendered. . . . If an issue has been determined, but the judgment is not dependent upon the determination of the issue, the parties may relitigate the issue in a subsequent action. Findings on nonessential issues usually have the characteristics of dicta. . . .'" (Citations omitted; emphasis in original.) Delahunty v. Massachusetts Mutual Life Ins. Co.,236 Conn. 582, 600, 674 A.2d 1290 (1996).
"[O]rdinarily a factual determination made in a final and binding arbitration is entitled to preclusive effect." Genovesev. Gallo Wine Merchants Inc., 226 Conn. 475, 483, 628 A.2d 946
(1993). "In finding that an arbitration proceeding should be given the effect of a judgment for the purposes of res judicata or collateral estoppel, our Supreme Court stated: `No satisfactory reason can be assigned why an award, which the parties have expressly stipulated should be final as to the subject submitted, should not be conclusive as a court-rendered judgment.'" Busconi v. Dighello, 39 Conn. App. 753, 768,668 A.2d 716 (1995), cert. denied, 236 Conn. 903, 670 A.2d 321 (1996).
The defendant has submitted a copy of the findings and award of the arbitrator in the action between the plaintiff and Chodosh. The defendant has also provided a copy of agreement to submit to binding arbitration entered into between the plaintiff and Chodosh. Chodosh's attorney in the arbitration action has CT Page 968 submitted an affidavit in which she attests that Chodosh's sole defense in the arbitration was that he was forced to collide with the plaintiff by a unidentified force-and-run driver.
In his award, regarding liability the arbitrator stated the following:
 "Defendant [Chodosh] claims he was cut off by a left turning vehicle, and in avoiding contact with that vehicle crossed the center line. In effect, Mr. Chodosh says his loss of control was not caused by his own negligence, but in his efforts to avoid the left turning vehicle which cut him off. . . . Plaintiff's case is supported by the detailed written statement of witness, Gilbert McKay. Mr. McKay observed the accident and saw no left turning vehicle pass immediately in front of defendant's car. Mr. McKay stated: `I could not tell how fast (defendant's) Suburban was going, but it must have been too fast for the wet road conditions, since nothing else that I could see would have caused the driver to lose control in such a manner.' Mr. Chodosh testified that a vehicle turned left in front of him when he was only 10 to 15 feet away from that vehicle, and in avoiding impact he crossed the center line. He also testified that the first time he saw the unidentified vehicle was when it began to make its left turn 10 to 15 feet in front of his Suburban. Mr. Chodosh was supported in his version of the accident by his front seat passenger, who testified at the hearing. The police officer who investigated the accident noted in his report: `For some unexplained reason (the defendant) veered into the northbound lane and struck (plaintiff's vehicle), overturning it.' Although this matter was vigorously contested by the defendant, I think the more credible evidence support's the plaintiff's contention that the accident was caused by the defendant's loss of control, not by a sudden emergency."
Based upon the evidence presented, the issue of whether an unidentified force-and-run driver caused the accident was actually litigated, and, as it was Chodosh's sole defense in the arbitration, it was necessarily decided by the arbitrator. Therefore, the court finds that the relitigation of this issue is CT Page 969 barred by the doctrine of collateral estoppel. The plaintiff's claims of breach of contract, bad faith, CUIPA and CUTPA are all based upon the failure of the defendant to pay uninsured motorist benefits arising out of the liability of the unidentified driver. Because the arbitrator has already determined that an unidentified driver was not the cause of the accident, the plaintiff's action must fail.
Accordingly, the defendant's motion for summary judgment is granted.
DAVID SKOLNICK, JUDGE