[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] SUPPLEMENTAL MEMORANDUM OF DECISION
The plaintiff, Donna Lee Kroll, appeals from the decision of the defendant, the Groton Long Point Zoning Board of Appeals. The Zoning Board of Appeals upheld a cease and desist order issued by the Zoning Enforcement Officer.
On August 26, 1997, the Zoning Enforcement Officer for Groton Long Point (hereinafter the "ZEO") issued a cease and desist order to the plaintiff for her alleged violation of § 3.20 of the Groton Long Point Zoning Regulations. (Return of Record [ROR]: Item 1). The plaintiff had on her property a movable plywood board approximately fifteen square feet in size leaning against her garage door. (Supplemental Return of Record [Sup. ROR]: Item 1). The board depicted a painting of two deer with the words, "Who asked the deer?" (Plaintiff's Appeal, ¶ 7).
Section 3.20 provides: "Only one sign of not over one (1) square foot in area may be displayed on any building in any CT Page 3665 district, except as provided in Sections 4.1.6 and 5.3.1, provided one (1) sign not over four (4) square feet in area may advertise for sale the land or building upon which it is displayed. Any such sign shall be removed not later than forty-eight (48) hours after closing of the advertised sale. During the construction of a building similar signs may advertise the name of the architect, contractors, or materials suppliers for such building. No illuminated sign shall be permitted in any district."[1] (Sup. ROR: Item 2).
The August 26, 1997 cease and desist order stated, "The sign . . . presently located . . . in front of your garage door . . . is in excess of the size allowed by [§ 3.20 of the] Groton Long Point Regulation. . . . You are hereby ordered to cease displaying this sign on your premises. . . ." (ROR: Item 1). On September 9, 1997, the plaintiff notified the chairman of the Groton Long Point Zoning Board of Appeals (hereinafter "GLPZBA" of her intention to appeal the cease and desist order. (ROR: Item 2). On October 5, 1997, the chairman of the GLPZBA notified the plaintiff of the schedule for a hearing before the GLPZBA to occur on October 22, 1997. (ROR: Items 3, 4). The notice of the public hearing was published in The New London Day
on October 10 and 17, 1997. (ROR: Item 5).
The public hearing before the GLPZBA occurred on October 22, 1997. (ROR: Item 5). On that same day, the GLPZBA denied the plaintiff's appeal based on the following stated reason:[2]
"The ZEO determined that a sign located on the applicant's premises violated Groton Long Point Zoning Regulation Section 3.20 in that it was excessive in size. The ZBA concurred with the interpretation and application of Section 3.20 made by the ZEO." (ROR: Item 5). The GLPZBA published notice of its decision in TheNew London Day on November 3, 1997. (ROR: Item 5).
On November 21, 1997, the plaintiff filed an appeal from the decision of the GLPZBA with this court.
"[P]leading and proof of aggrievement are prerequisites to the trial court's jurisdiction over the subject matter of a plaintiff's appeal." Jolly, Inc. v. Zoning Board of Appeals,237 Conn. 184, 192, 676 A.2d 831 (1996). "The owner of the property subject to the appeal is aggrieved and entitled to bring an appeal." Zeigler v. Thomaston, 43 Conn. Sup. 373, 376,654 A.2d 392 (1994), citing Winchester Woods Associates v. Planning Zoning Commission, 219 Conn. 303, 308, 592 A.2d 953 (1991). CT Page 3666
The plaintiff alleges that she owns the property which is the subject of this appeal; (Plaintiff's Appeal, ¶ 1; Sup. ROR: Item, 1); and the defendant does not deny this allegation. (Defendant's Answer, ¶ 1). The court heard testimony at the November 20, 1998 hearing to supplement the record that the plaintiff does in fact own the property which is subject to this appeal. The plaintiff also alleges that she is aggrieved by the decision of the GLPZBA. (Plaintiff's Appeal, ¶ 15). The plaintiff owns the property subject to this appeal and is, therefore, aggrieved.
"Zoning boards of appeal are entrusted with the function of deciding, within prescribed limits and consistent with the exercise of a legal discretion, whether a regulation applies to a given situation, and the manner of its application. . . . In discharging this responsibility, a board is endowed with a liberal discretion, and its action is subject to review by the courts only to determine whether it was unreasonable, arbitrary or illegal." Molic v. Zoning Board of Appeals, 18 Conn. App. 159,165, 556 A.2d 1049 (1989). "The trial court [has] to decide whether the board correctly interpreted the section [of the regulations] and applied it with reasonable discretion to the facts." Spero v. Zoning Board of Appeals, 217 Conn. 435, 440,586 A.2d 590 (1991). "[T]he zoning board hears and decides such an appeal de novo, and . . . the action of the ZEO that is the subject of the appeal is entitled to no special deference by the court. . . . [T]he trial court . . . must focus on the decision of the board and the record before it, because it is that decision and record that are the subject of the appeal under § 8-8." Caserta v. Zoning Board of Appeals, 226 Conn. 80,88-91, 626 A.2d 744 (1993).
"When a zoning authority has stated the reasons for its actions, a reviewing court may determine only if the reasons given are supported by the record and are pertinent to the decision. . . . The zoning [commission's] action must be sustained if even one of the stated reasons is sufficient to support it." (Internal quotation marks omitted.) CRRA v. Planning Zoning Commission, 46 Conn. App. 566, 569, 700 A.2d 67, cert. denied, 243 Conn. 935, 702 A.2d 640 (1997); see also Bloom v.Zoning Board of Appeals, 233 Conn. 198, 208, 658 A.2d 559 (1995). "Under this traditional and long-standing scope of review, the proper focus of the reviewing court is on the decision of the zoning agency, and, with regard to its factual determinations, on CT Page 3667 the evidence before it that supports, rather than contradicts, its decision." Caserta v. Zoning Board of Appeals, supra,226 Conn. 87.
The plaintiff appeals on the following grounds: (1) The ZEO selectively enforced § 3.20 in violation of 42 U.S.C. § 1983; (Appeal ¶ 15); (2) section 3.20 and its enforcement amounts to an unconstitutional suppression of freedom of speech or expression in violation of the First Amendment; (Appeal ¶ 15); (3) the GLPZBA failed to consider issues of selective enforcement and constitutional violations in making its decision; (Appeal ¶ 16); (4) the GLPZBA acted illegally, arbitrarily and abused its discretion; (5) the GLPZBA's denial of the plaintiff's appeal was against the evidence and the language of § 3.20, and violated the plaintiff's First Amendment rights.
Preliminarily, the court takes judicial notice that on January 13, 1998, the plaintiff instituted a civil rights action under 42 U.S.C. § 1983 against the Zoning Enforcement Officer, Kenneth Steere, in his official capacity. See Kroll v.Steere, Superior Court, judicial district of New London, Docket No. 545009 (December 18, 1998, Mihalakos, J.). The plaintiff alleged in Kroll v. Steere that Steere's enforcement of zoning ordinance § 3.20 was arbitrary and capricious and in violation of her First Amendment rights. The plaintiff also alleged that Steere selectively enforced § 3.20, and thus violated 42 U.S.C. § 1983. The plaintiff sought injunctive relief and money damages. The defendant, Kenneth Steere, asserted three special defenses: (1) that § 3.20 is content neutral; (2) that § 3.20 serves a substantial government interest; and (3) that § 3.20 is a proper use of the town's police power.
In that case, the parties litigated,[3] and the court decided by way of a motion for summary judgment,[4] the following issues: (1) whether § 3.20 is an unconstitutional suppression in violation of the First Amendment; (2) whether the ZEO selectively enforced § 3.20 in violation of 42 U.S.C. § 1983; (3) whether using a dictionary definition for the word "sign" to interpret § 3.20 was an arbitrary and capricious act by the ZEO; and (4) whether the plaintiff's object/mural falls within the definition of "sign" under § 3.20. See Kroll v. Steere, supra, Superior Court, Docket No. 545009. The court, Mihalakos, J., granted the defendant's motion for summary judgment. CT Page 3668
Preliminarily, it must be determined which, if any, of the issues presently before this court are precluded from being relitigated because of the doctrine of collateral estoppel.[5]
See Wight v. Southington, 43 Conn. App. 654, 685 A.2d 686 (1996) (declining to invoke collateral estoppel in pending civil rights action where issue of "clear entitlement" was not an issue in prior zoning appeal); Scalzo v. Danbury, 224 Conn. 124,617 A.2d 440 (1992) (concluding trial court's ruling on the taking issue was essential to its judgment in zoning appeals, and therefore, collateral estoppel applied); see also Thomas v. West Haven, Superior Court, judicial district of New Haven at New Haven, Docket No. 284555 (July 30, 1997, Meadow, S.T.R.) (20 Conn. L. Rptr. 223) (holding issues of bad faith, malice and selective treatment in § 1983 action not identical to issues raised in prior zoning appeal). "To assert successfully the doctrine of issue preclusion . . . a party must establish that the issue sought to be foreclosed actually was litigated and determined in the prior action between the parties or their privies, and that the determination was essential to the decision in the prior case." Delahunty v. Massachusetts Mut. Life Ins. Co.,236 Conn. 582, 600-01, 674 A.2d 1290 (1996).
The court finds that the plaintiff has already fully litigated: (1) whether § 3.20 is an unconstitutional suppression in violation of the First Amendment; (2) whether the ZEO selectively enforced § 3.20 in violation of 42 U.S.C. § 1983; (3) whether using a dictionary definition for the word "sign" to interpret § 3.20 was an arbitrary and capricious act by the ZEO; and (4) whether the plaintiff's object/mural falls within the definition of "sign" under § 3.20. See Kroll v. Steere, supra, Superior Court, Docket No. 545009. The court also finds that the plaintiff had a full and fair opportunity to litigate those issues, and that resolution of those issues were essential and necessary to the courts final judgment.[6] Accordingly, the court declines to further consider the plaintiff's arguments with reference to the foregoing issues in the present appeal.[7]
The following issues, however, were not decided in Kroll v.Steere, and are, therefore, subject to review: (1) whether the GLPZBA acted illegally, arbitrarily, unreasonably and abused its discretion by: (1) making its decision without substantial evidence; (2) erroneously interpreting § 3.20 and thus, violating the plaintiff's First Amendment rights; and (3) failing or refusing to consider issues of selective enforcement and CT Page 3669 constitutional arguments regarding free speech.
A. Whether the GLPZBA's decision was supported by substantialevidence:
The issue of whether the GLPZBA's decision was supported by the evidence is disposed of based on the holding in Kroll v.Steere. The court in that case held that the ZEO properly found the plaintiff's sign to violate § 3.20. See Kroll v. Steere, supra, Memorandum of Decision, p. 4. The GLPZBA concurred with the ZEO's finding. (ROR: Item 5). Furthermore, the GLPZBA heard testimony from the ZEO at the public hearing that the sign on the plaintiff's property was approximately fifteen square feet, which far exceeds the size limitation set forth in § 3.20. (Sup. ROR: Item 1). Therefore, the GLPZBA's decision to deny the plaintiff's appeal was amply supported by the evidence.
B. Whether the GLPZBA erroneously interpreted and applied §3.20:
"Although the position of the municipal land use agency is entitled to some deference . . . the interpretation of provisions in the ordinance is nevertheless a question of law for the court. . . . The court is not bound by the legal interpretation of the ordinance by the town." (Citations omitted.) Coppola v.Zoning Board of Appeals, 23 Conn. App. 636, 640, 583 A.2d 650
(1990). "The words employed by the local legislative body are to be interpreted in accordance with their natural and usual meaning . . . and any interpretation that would torture the ordinary meaning of the words to create ambiguity will be rejected. . . . Common sense must be used in construing the regulation, and we assume that a rational and reasonable result was intended by the local legislative body." Spero v. ZoningBoard of Appeals, 217 Conn. 435, 441, 586 A.2d 590 (1991) (applying ordinary dictionary definitions to language used in ordinance).
This issue has also been fully litigated and decided in Krollv. Steere. The court in Kroll v. Steere agreed with the ZEO's interpretation of the word "sign" in § 3.20 so as to apply to the object on the plaintiff's property. See Kroll v. Steere, supra, Memorandum of Decision, p. 4. In the present case, the record indicates that the GLPZBA "concurred with the [ZEO's] interpretation and application of Section 3.20. . . ." (ROR: Item 5). The court in Kroll v. Steere held that the ZEO's CT Page 3670 interpretation of the word "sign" was in accordance with its "common, natural and ordinary meaning as expressed by the word's dictionary definition." Id., p. 3. It logically follows that if the ZEO is permitted constitutionally to enforce § 3.20; seeKroll v. Steere, supra, Memorandum of Decision, p. 6; the GLPZBA must be afforded the same constitutional protection in upholding the ZEO's actions. Accordingly, the court finds that the GLPZBA's interpretation and application of § 320 was not erroneous, arbitrary or illegal.
C. Whether the GLPZBA's failure to consider constitutional and selective enforce arguments was arbitrary or illegal:
The plaintiff is entitled to challenge the constitutional validity of § 3.20 in this zoning appeal. Although constitutional attacks on zoning ordinances are more appropriately decided in a declaratory judgment action, "[t]his does not mean . . . that whenever a party wishes to challenge the validity of a local land use regulation, he must do so by a declaratory judgment action. There are many instances where, because of the procedural posture of the case, he may have no practical choice but to raise his challenge in the context of an appeal." Bombero v. Planning Zoning Commission, 218 Conn, 737,744-45, 591 A.2d 390 (1991). "For example, a landowner faced with a cease and desist order based on an invalid regulation should be permitted to raise its invalidity in the course of his appeal from the cease and desist order." Id., 745 n. 10.
The plaintiff in the present case is in the same situation as described by the Court's hypothetical in Bombero v. Planning Zoning Commission. See id., 745 n. 10. That is, the plaintiff is faced with a cease and desist order based on, what she claims is, an invalid regulation. Thus, the plaintiff is entitled to attack the constitutionality of § 3.20 in the present zoning appeal.
As previously stated, the court in Kroll v. Steere held that § 3.20 was a proper time, place and manner restriction on signs, and was properly applied to the plaintiff's situation. SeeKroll v. Steere, supra, Memorandum of Decision, p. 6. Since the constitutionality and applicability of the ordinance has already been determined, the courts responsibility in this appeal is to determine whether the GLPZBA acted illegally or arbitrarily by failing to consider the plaintiff's First Amendment and selective enforcement arguments when reaching its decision. CT Page 3671
In deciding an appeal concerning interpretation of a zoning ordinance as applied to a particular piece of property, the zoning board of appeals acts in a quasi-judicial capacity. The zoning board of appeals has the authority to interpret the town's ordinance and decide whether it applies in a given situation. See General Statutes § 8-7; Molic v. Zoning Board of Appeals, supra, 18 Conn. App. 165.
In this case, the GLPZBA announced a public notice of the hearing; (ROR: Item 5); and its scheduled agenda. (ROR: Item 4). Specifically, the GLPZBA announced that it will hear the "[a]pplication of: Donna Kroll of 5 East Shore Avenue, Groton Long Point, Connecticut . . . appealing a Cease and Desist order issued by the Zoning Enforcement Officer dated August 26, 1997. Such order cites a violation (size) of Groton Long Point Zoning Regulation 3.20 (signs)." The GLPZBA's agenda did not state that it would hear issues of (1) the ZEO's selective enforcement of § 3.20; or (2) the alleged unconstitutionality of ordinance § 3.20. In accordance with its agenda, the GLPZBA's sole function was to determine the applicability of § 3.20 to the plaintiff's property, and whether there was a violation thereunder. (ROR: Item 4; Sup. ROR: Item 1).[8]
Accordingly, the court finds that the GLPZBA fulfilled its statutory duty under § 8-7 in hearing the plaintiff's appeal. The court rejects the plaintiff's argument that the GLPZBA's failure to consider her first amendment and selective enforcement arguments was arbitrary, capricious or an abuse of discretion. Furthermore, as previously discussed, the issues of selective enforcement and first amendment violations have already been litigated and finally decided adverse to the plaintiff's position. See Kroll v. Steere, supra, Superior Court, Docket No. 545009.
Finally, the court notes that the plaintiff's appeal has not been rendered moot by virtue of the fact that the deer hunting season (and the plaintiff's corresponding protest) has ended. "[W]hether we can afford practical relief to the litigants in a particular controversy [depends upon four factors:] (1) Are the issues of such duration that they will evade review? (2) Do the issues relate to an ongoing civil or penal program of the state? (3) Is the plaintiff, as part of a class or as an individual, likely to be affected in the same manner again? and (4) Do the issues raise matters of public importance?" Loisel v. Rowe,233 Conn. 370, 382, 660 A.2d 323 (1995). "Our cases reveal that for CT Page 3672 an otherwise moot question to qualify for review under the `capable of repetition, yet evading review' exception, it must meet three requirements. First the challenged action, or the effect of the challenged action, by its very nature must be of a limited duration so that there is a strong likelihood that the substantial majority of cases raising a question about its validity will become moot before appellate litigation can be concluded. Second, there must be a reasonable likelihood that the question presented in the pending case will arise again in the future, and that it will affect either the same complaining party or a reasonably identifiable group for whom that party can be said to act as surrogate. Third, the question must have some public importance. Unless all three requirements are met, the appeal must be dismissed as moot." Id., 383-83.
It is evident that the same issues may reappear upon future "protests" on the part of the plaintiff or her neighbors. This issue does carry great public importance since it implicatesFirst Amendment concerns.
Accordingly, the plaintiff's appeal is not moot.
For reasons stated, it is found that the GLPZBA did not act arbitrarily, capriciously or abuse its discretion. Accordingly, the plaintiff's appeal is dismissed.
Schimelman, J.