CHRISTINE ARWAY ET AL. *v.* WALTER S. BLOOM ET AL.
(14673)

PETERS, C. J., CALLAHAN, BORDEN, BERDON and KATZ, Js.

Argued September 29—decision released November 2, 1993

*Jan A. Marcus,* for the appellants (named plaintiff et al.).

*Neil R. Marcus,* with whom was *Mary M. Carden,* for the appellees (named defendant et al.).

*Michael N. LaVelle* filed a brief for the appellee (defendant zoning commission of the town of Redding).

PER CURIAM. This court granted certification in this zoning appeal to consider whether General Statutes §§ 8-3 (g) and 8-3c (b)[1] require the decision of a zoning commission to be set aside when a decision of the wetlands commission affecting the same property is subsequently set aside as having been illegal. The plaintiffs, Christine Arway et al.,[2] appealed to the Superior Court

[1] General Statutes § 8-3 provides in relevant part: "ESTABLISHMENT AND CHANGING OF ZONING REGULATIONS AND DISTRICTS. ENFORCEMENT OF REGULATIONS. CERTIFICATION OF BUILDING PERMITS AND CERTIFICATES OF OCCUPANCY SITE PLANS. DISTRICT FOR WATER-DEPENDENT USES. . . .

"(g) The zoning regulations may require that a site plan be filed with the commission or other municipal agency or official to aid in determining the conformity of a proposed building, use or structure with specific provisions of such regulations. If a site plan application involves an activity regulated pursuant to sections 22a-36 to 22a-45, inclusive, the applicant shall submit an application for a permit to the agency responsible for administration of the inland wetlands regulations not later than the day such application is filed with the zoning commission. The decision of the zoning commission shall not be rendered on the site plan application until the inland wetlands agency has submitted a report with its final decision. *In making its decision the zoning commission shall give due consideration to the report of the inland wetlands agency.* A site plan may be modified or denied only if it fails to comply with requirements already set forth in the zoning or inland wetlands regulations. . . ." (Emphasis added.)

General Statutes § 8-3c provides in relevant part: "SPECIAL PERMITS, EXCEPTIONS AND EXEMPTIONS. HEARINGS. FILING REQUIREMENTS. . . .

"(b) The zoning commission or combined planning and zoning commission of any municipality shall hold a public hearing on an application or request for a special permit or special exception, as provided in section 8-2, and on an application for a special exemption under section 8-2g. The commission shall not render a decision on the application until the inland wetlands agency has submitted a report with its final decision to such commission. *In making its decision the zoning commission shall give due consideration to the report of the inland wetlands agency. . . .*" (Emphasis added.)

[2] In addition to the named plaintiff, the other plaintiffs are Arthur Arway, Russell Kamensky, Susan Kamensky, Dan Smith, Chris Smith, Patricia

from a decision of the defendant zoning commission of the town of Redding approving a site plan and special permit application filed by the defendants Richard Bloom and Walter S. Bloom.[3] Sustaining the plaintiffs' appeal, the trial court concluded that the zoning decision had become procedurally indefensible after nullification of the wetlands decision. The Appellate Court granted the defendants' petition for certification to appeal and reversed the trial court's absolute linkage of the two statutes. *Arway* v. *Bloom,* 29 Conn. App. 469, 482, 615 A.2d 1075 (1992). Because the trial court had not considered substantive issues raised by the plaintiffs' appeal, the Appellate Court remanded the case for further proceedings to address those issues. Id., 481–82. We granted the plaintiffs' petition for certification to review the Appellate Court's disposition of this case.[4]

After examining the record on appeal and after considering the briefs and the arguments of the parties, we have concluded that the appeal in this case should be dismissed on the ground that certification was improvidently granted. The issues have been fully and persuasively considered in the opinion of the Appellate Court; *Arway* v. *Bloom,* supra, 473–81; and it would serve no useful purpose for us to repeat the discussion

Reichart, William Werfelman, Patricia Werfelman, Susan Butler, Smedley Butler, Mary Mullaney, Charles Mullaney, Donata Marcus, Kerin McKormick and Christine McKormick. All the plaintiffs are residents of the town of Redding. The trial court determined that all the plaintiffs were properly aggrieved parties. That determination has not been challenged. *Arway* v. *Bloom,* 29 Conn. App. 469, 470 n.2, 615 A.2d 1075 (1992).

[3] The town of Redding was also named as a defendant.

[4] On the petition for certification filed by the plaintiffs Christine Arway, Arthur Arway, Dan Smith, Kerin McKormick and Christine McKormick, we granted permission to appeal limited to the following issue: "Whether General Statutes §§ 8-3 (g) and 8-3c (b) require the decision of a zoning commission to be set aside when a decision of the wetlands commission affecting the same property is judicially determined to have been illegal?" *Arway* v. *Bloom,* 224 Conn. 924, 924–25, 618 A.2d 530 (1993).

therein contained. See *Fleet Bank of Connecticut* v. *Dowling,* 225 Conn. 447, 449, 623 A.2d 1005 (1993); *Hyatt* v. *Milford,* 224 Conn. 441, 445, 619 A.2d 450 (1993). At oral argument before this court, the parties agreed that subsequent applications to the zoning commission have, for practical purposes, cured the procedural default upon which the trial court ruled and upon which the Appellate Court based its decision. There remain, however, the unresolved substantive issues with respect to which the Appellate Court properly ordered further proceedings.[5]

The appeal is dismissed.

---

[5] In the interests of judicial economy, these proceedings should, if possible, be consolidated on remand with the substantively similar challenges that the plaintiffs have raised on appeal with respect to the subsequent zoning applications filed by the individual defendants and granted by the defendant commission.