[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 1173
The present matter is an appeal by the plaintiff, Karen A. Grimes, from the decision of the defendant, the planning zoning commission of the town of Litchfield, (hereinafter the "commission") approving an application of the defendant, James B Irwin, Sr., (hereinafter "Irwin") for the creation of a three lot subdivision on his real property located in Litchfield. The commission acted pursuant to General Statutes §8-25. The plaintiff appeals pursuant to General Statutes § 8-8. For the reasons set forth below, the court finds the issues in favor of the defendants.
At the court hearing on the issue of aggrievement, counsel stipulated to facts showing that the plaintiff is the owner of property that is within one hundred feet of the property that is the subject of the commission's action and this appeal. Counsel for Irwin further cited in his brief that his client's property borders property of the plaintiff. Therefore, the court finds that the plaintiff is statutorily aggrieved and has standing to bring this appeal pursuant to General Statutes § 8-8(a)(1).
The facts essential to the court's decision on the merits of the plaintiff appeal are not in dispute and are fully reflected in the record. In 1993, Irwin split off a 14.9 acre parcel of land from his larger 83 acre parcel in order to develop a residential subdivision. The property at issue is located in the town of Litchfield and is bordered on the east by Butternut Brook; on the west by Hutchinson Parkway and property of the plaintiff; on the south by Butternut Road and on the north by property of Hans and Sonia Seherr-Toss.
Irwin initially sought approval of a five lot subdivision from the commission in 1993 but withdrew his application. He later sought approval for a special permit in a four lot subdivision, which application was denied. A subsequent appeal of the commission's denial ultimately ended unsatisfactorily for him in the Supreme Court. See Irwin v. Planning Zoning Commission, Superior Court, judicial district of Litchfield, Docket No. 068320 (January 22, 1996, Pickett, J.); Irwin v. Planning Zoning Commission, 45 Conn. App. 89 (1997), rev'd 244 Conn. 619 (1998).
Additionally, Irwin submitted plans for wetland permits in connection with his four lot subdivision plan to the Litchfield conservation commission. After the conservation commission granted approvals to Irwin, the parties engaged in nearly five years of litigation and appeals which ultimately upheld the granting of the wetland permits. Grimes v.Conservation Commission, 43 Conn. App. 227 (1996), rev'd 243 Conn. 266
CT Page 1174 (1997); Grimes v. Conservation Commission, 49 Conn. App. 95 (1998), cert. denied, 247 Conn. 903 (1998).
On December 15, 1999, Irwin submitted an application to the commission for a three lot subdivision on his 14.9 acre parcel. The commission thereafter scheduled a public hearing which was held on February 22, 2000. The plaintiff was represented by her attorney, Perley H. Grimes, Jr. at the public hearing, who strenuously opposed the application. Appearing with Irwin and his attorney at the public hearing was Dennis McMorrow, the project engineer, David Lord, a certified soils scientist and Penelope Sharpe, a certified wetlands professional. At the conclusion of the hearing, the application was approved with conditions by a 3 to 2 vote of the commission.
There are basic principles that govern the scope of review in appeals of decisions before land use commissions.
 In disposing of an application for a subdivision, the commission acts in an administrative capacity. . . .In passing on subdivision plans, the commission is controlled by the regulations it has adopted, and, if the plans conform to the existing regulations, the commission has no discretion or choice but to approve them. . . .General Statutes 8-6 entrusts the commission with the function of interpreting and applying its zoning regulations. . . .The trial court must determine whether the commission has correctly interpreted its regulations and applied them with reasonable discretion to the facts. . . .The plaintiffs have the burden of showing that the commission acted improperly. . . .The trial court can sustain the plaintiff's appeal only upon a determination that the decision of the commission was unreasonable, arbitrary or illegal. . . .It must not substitute its judgment for that of the zoning commission and must not disturb decisions of local commissions as long as honest judgment has been reasonably and fairly exercised.
(Citations omitted, internal quotation marks omitted.) Baron v. Planning Zoning Commission, 22 Conn. App. 255, 256-57 (1990).
 I.
The plaintiff's first claim is that she was denied fundamental fairness due to the commission's acceptance of an incomplete application and its CT Page 1175 scheduling of the same for a public hearing. Further, she claims to be deprived of fundamental fairness by the commission's denial of her representative's request for a continuance after Irwin presented additional information at the public hearing.
The Supreme Court has recognized a right of fundamental fairness for participants in administrative hearings.
 The only requirement [in administrative proceedings] is that the conduct of the hearing shall not violate the fundamentals of natural justice. . . . Fundamentals of natural justice require that there must be due notice of the hearing, and at the hearing no one may be deprived of the right to produce relevant evidence or to cross-examine witnesses produced by his adversary. . . .Put differently, [d]ue process of law requires that the parties involved have an opportunity to know the facts on which the commission is asked to act . . . and to offer rebuttal evidence . . . ([A]dministrative agency cannot properly base its decision. . . upon [independent] reports without introducing them in evidence so as to afford interested parties an opportunity to meet them[.]) . . . ([A]dministrative due process requires due notice and [the] right to produce relevant evidence[.]). . . The purpose of administrative notice requirements is to allow parties to prepare intelligently for the hearing.
(Citations omitted; internal quotation marks omitted.) Grimes v.Conservation Commission, supra, 243 Conn. 273-74.
It is clear that the commission afforded the plaintiff with ample notice of the hearing. The record reflects that the plaintiff filed a verified notice of intervention with the commission, dated January 12, 2000. Therefore the plaintiff had actual notice of the application and of the public hearing.
The plaintiff also claims that the commission was fundamentally unfair by accepting, processing and scheduling Irwin's alleged incomplete application for a public hearing. The commission's actions in accepting an application and scheduling a public hearing are ministerial duties. The commission's remedy, if it finds that an applicant did not file a complete application, would be to deny the application. See Leech v.Gaetz, 31 Conn. Sup. 81, 86 (1973). While the plaintiff arguably was not totally apprized of all of the details of Irwin's intentions prior to the CT Page 1176 hearing, fundamental fairness only requires that she be given notice of the hearing, a right to produce relevant evidence and a right to cross examination of adversary witnesses. The plaintiff was afforded the opportunity to produce evidence and did so for an extended period at the hearing. Since she also had the opportunity to hear and examine the other witnesses, she was not deprived of fundamental fairness during the proceeding.
The plaintiff also claims that she was denied fundamental fairness in that Irwin was allowed to submit to the commission additional plans and documents at the public hearing, which unfairly deprived her of an opportunity to inspect the same prior to the hearing. Irwin's submissions included revised subdivision plans, proposed easements and conveyances, soil, environmental and hydrological reports, drainage maps and a memorandum from the land use administrator. The submissions made by Irwin were hardly new to the plaintiff. The subdivision plan filed with the application in December was revised and submitted by Irwin at the public hearing. The engineering reports, easements and conveyance documents were necessarily delayed due to planning and zoning staff and regal analysis by the town. (Return of Record [ROR], Exhibits 18, 32.) Soil, environmental and hydrological reports were the subject of extensive hearings before the conservation commission and appeals to the Supreme Court, and the drainage maps were previously submitted in a prior application and thus did not cause undue surprise to the plaintiff.
The plaintiff cites no authority in support of her claim that a late submission of documents constitutes a fundamentally unfair hearing. In interpreting General Statutes § 8-26, the Supreme Court stated: "[w]e recognize that, since the commission is empowered to "modify and approve' any application or maps and plans submitted therewith, it may be necessary within the sixty-day period for the applicant to submit more than one map or plan." Finn v. Planning and Zoning Commission,156 Conn. 540, 546 (1968). Because there is no prohibition in the statute or the regulations against submitting documents as late as the day of the public hearing, the plaintiff was not denied her right to fundamental fairness during the process.
The plaintiff also claims that she was denied her fundamental fairness right by the commission's refusal to grant her attorney's repeated requests for a continuance. As stated earlier, fundamental fairness requires notice, a right to produce relevant evidence and a right to cross examine adversary witnesses. The right, however, does not provide for pre-trial discovery as in civil cases. The record reflects that the plaintiff's representative appeared late for the hearing and was provided a twenty minute recess to examine the various submissions made by Irwin. The public hearing transcript reveals that the plaintiff provided CT Page 1177 extensive testimony regarding the property in question. The plaintiff had engaged in seven years of litigation regarding the subdivision of this property, and from her representative's testimony, appeared to have tremendous familiarity with it. Having had the right to produce evidence at the hearing and the right to cross examine any adversary witnesses, the plaintiff was not denied her right to fundamental fairness at the hearing, and the commission did not abuse its discretion by failing to grant the plaintiff's request for a continuance.
 II.
The plaintiff next claims that the commission erroneously approved Irwin's application due to the fact that he failed to submit his application to the Litchfield conservation commission in violation of § 8-26 of the General Statutes and Section 2.3.6 of the subdivision regulations. Specifically, the plaintiff argues that the commission should have required more than an updated letter from the conservation commission regarding prior approval. Further, Grimes argues that the conservation commission erred by submitting such letter, as its approval had expired by operation of law.
The commission complied with its subdivision regulations relative to obtaining evidence of submission of Irwin's application to the Litchfield conservation commission. Section 2.3.6 of the subdivision regulations requires that "[w]henever an application involves land regulated as an inland wetland or watercourse, . . . the applicant shall file a copy of the subdivision application with the Conservation Commission within 10 days after filing with the Planning and Zoning Commission. Any application not so filed shall be considered incomplete. The Planning and Zoning Commission shall give due consideration to any report filed by the Conservation Commission prior to rendering a decision on the subdivision application." It is clear from the record that the commission duly considered a report from the conservation commission prior to rendering its decision on Irwin's application. (ROR, Exhibit 35.)
The plaintiff duly objected to Irwin's application at the Litchfield conservation commission meetings on January 12, 2000, and February 9, 2000. Further, the plaintiff's attorneys raised the same argument before the conservation commission that she now raises in this appeal. (ROR, Exhibits 11, 20.)[1] Apparently, no appeal or other legal action was taken by the plaintiff in response to the conservation commission's action. In this appeal, the plaintiff seeks to adjudicate the propriety of the conservation commission's decision which considered Irwin's permits to be still valid. In effect, the plaintiff would require the planning commission to act in an appellate capacity in its review and consideration of the conservation commission's action. However, the CT Page 1178 regulations and General Statutes § 8-26 only require that the planning commission give "due consideration" to the conservation commission's report. See Arway v. Bloom, 29 Conn. App. 469 (1992), appeal dismissed, 227 Conn. 799 (1993). There is substantial evidence in the record which shows that the commission duly considered the conservation commission's report prior to approving the plaintiff's application. Accordingly, the court finds that the commission's decision to authorize subdivision approval was neither illegal, arbitrary or unreasonable.
 III.
The plaintiff next claims that Irwin's application for subdivision approval failed to comply with mandatory terms of the subdivision regulations in a number of respects.
First, the plaintiff claims that no plans were submitted by Irwin which depicted his contiguous property in violation of § 4.3 of the subdivision regulations. That regulation provides that "[t]he plan shall show existing conditions and the proposed subdivision and all contiguous land of the applicant that may be subdivided in the future." (ROR, Exhibit 7.) A review of the record indicated that Irwin's property originally consisted of an 83 +/- acre parcel of farmland. (ROR, Exhibit 74, page 58.) The record also showed that Irwin has no present intention of subdividing his larger parcel. Id. The commission conducted a site walk at the subdivision on February 12, 2000. (ROR, Exhibit 40.) Since there was no stated intention by Irwin to develop his adjacent property, the commission was within its discretion to not require complete plans of Irwin's adjacent property, as the commission had reason to believe that Irwin would not subdivide the property in the future.
Secondly, the plaintiff claims that the commission erred in granting approval because the parcel fails to meet the minimum square requirement of § 4.3.23 of the subdivision regulations. That regulation provides that each lot shall be of such shape that a 200 foot square may fit into each lot. (ROR, Exhibit 7.) Further, the area within said square "shall not contain land subject to easements for streets, drainage, utilities, private rights-of-way or other encumbrances restricting development." id. The record reflects that each of the lots are amply sized and currently, no lot is encumbered by a conservation easement. (ROR, Exhibit 71.) Any reasonable reading of the regulation would allow for later granting of easements within the square for conservation or utilities. Therefore, the commission correctly interpreted its regulations in granting its approval notwithstanding Irwin's intention to later grant conservation easements.
Lastly, the plaintiff argues that the commission should not have granted approval because the proposed well and separating distances are CT Page 1179 not contained entirely within their own lots. Section 5.2.2 of the subdivision regulations requires that "[e]very lot shall be of sufficient area with a shape and terrain which will permit a suitable location for all of the following: building sit, septic systems with leaching fields and reserve fields including required setbacks, well water supply source with required separating distances. . ." (ROR, Exhibit 7.) The record reflects that the well and distances met the requirements of the state public health code. (ROR, Exhibit 40.) Further, the commission had a long standing interpretation of the regulation that the separating distances need not be contained in each individual lot. (ROR, Exhibit 74, page 55.) Therefore, the commission's approval was not arbitrary, illegal or unreasonable.
The plaintiff raises several other issues in her brief. Issues raised in an appeal but not briefed are considered abandoned, Shaw v. PlanningCommission, 5 Conn. App. 520, 525 (1985). However, in examining the other claims made[2], but not adequately briefed by the plaintiff, the court concludes that the commission had ample and substantiai evidence to support its decision.
For all the reasons set forth above, it is therefore the conclusion of the court that the board's decision was not arbitrary, illegal or unreasonable and that the plaintiff's arguments in support of her appeal may not be sustained.
After a review of the record and in light of the discussion above, the appeal is dismissed.
Matasavage, J.