[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an appeal from the decision of the defendant, Canterbury planning and zoning commission (the commission), denying an application of the plaintiff, Sterling Development Corporation (Sterling), to develop a subdivision on Lisbon Road in Canterbury, Connecticut. Sterling brings this appeal pursuant to General Statutes § 8-8.
 BACKGROUND
On May 24, 2000, Sterling applied to the commission for subdivision approval of an eighty-six lot subdivision on Lisbon Road in Canterbury, Connecticut. (Return of Record [ROR], Exhibits 1, 5.) The commission held a public hearing commencing on October 12, 2000, and continued to November 9, 2000. (ROR, Exhibits 68-69.) On March 22, 2001, the commission denied Sterling's application "[b]ased upon the entire record and after giving due consideration to the report received from the Canterbury Inland Wetland Watercourses Commission. . . ." (ROR, Exhibit 19.) CT Page 5510
On March 26, 2001, Sterling received notice of the commission's decision. (ROR, Exhibit 3.) Notice of the decision was subsequently published in the Norwich Bulletin. (ROR, Exhibit 2.) Sterling filed this appeal alleging that the commission acted arbitrarily, illegally and in abuse of its discretion in denying its application. On October 2, 2001, Sterling filed a supporting brief. On October 31, 2001, the commission filed a brief in opposition.
 ISSUES ADDRESSED
Sterling appeals on the basis that the commission acted arbitrarily, illegally and in abuse of its discretion. The plaintiff alleges that the commission (1) failed to approve its application although it conformed with the commission's regulations; and (2) acted with prejudice and bias. The claimed errors do not warrant reversal of the commission's decision.
 A Whether the Commission Properly Denied the Application Because it Did Not Comply With the Subdivision Regulations
Sterling argues that the commission did not establish that the application failed to conform with the subdivision regulations. The commission responds that substantial evidence supports its decision to deny the application. The record supports a finding that the proposed subdivision does not comply with section 4.12.3 of the Canterbury zoning regulations and the corresponding subdivision regulations.
Sterling first contends that the commission relied solely on the wetlands report and that this does not constitute a sufficient basis to deny the application. General Statutes § 8-26 requires the commission to refrain from rendering a decision "until the inland wetlands agency has submitted a report of its final decision to such commission. In making its decision the commission shall give due consideration to the report of the inland wetlands agency." General Statutes § 8-26. Section 8-26 does not constitute "a statutory mandate that the . . . commission's decision be based on the wetlands report. To afford due consideration is to give such weight or significance to a particular factor as under the circumstances it seems to merit, and this involves discretion." (Internal quotation marks omitted.) Arway v. Bloom,29 Conn. App. 469, 479-80, 615 A.2d 1075 (1992), cert. granted,224 Conn. 924, 618 A.2d 530 (1993), appeal dismissed, 227 Conn. 799,633 A.2d 281 (1993). "The weight or significance to be accorded that report by the zoning commission depends . . . on the application before CT Page 5511 it; how much weight the report should be given is a matter of discretion for the commission." Id., 480. The wetlands report can serve as a valid reason for denying a subdivision application before the commission.
Section 4.18 of the Canterbury subdivision regulations provides that "[n]o subdivision or re-subdivision plan which contains lands on which an inland wetlands area is located shall be acted on by the Planning and Zoning Commission until such subdivision or re-subdivision plan has been forwarded to the Town of Canterbury's Inland Wetlands Agency in accordance with Section 4.12.3 of the Town of Canterbury's Zoning Regulations." Canterbury Subdivision Regs., § 4.18. Section 4.12.3 of the zoning regulations states that "[n]o lot or parcel on which inland areas . . . are located shall be subdivided or re-subdivided until adequate evidence is provided to the [commission] that such subdivision or re-subdivision will not adversely effect any designated inland wetland areas." Canterbury Zoning Regs., § 4.12.3.[1]
In summary, the abovementioned statutory and regulatory guidelines direct the commission to refrain from acting on an application until it receives a final determination from the wetlands agency. General Statutes § 8-26. To preserve the planning and zoning commission s autonomy, § 8-26 is interpreted so as to require "due consideration" of the report rather than strict reliance. Arway v. Bloom, supra,29 Conn. App. 479. The commission must deny, however, the application if it determines, upon the basis of adequate evidence, that the proposed subdivision would adversely affect any designated wetland area. Canterbury Zoning Regs., § 4.12.3. The question presented to the court is whether the commission denied Sterling's application based upon adequate evidence that the proposed subdivision would adversely affect any designated wetland areas.
"The credibility of the witnesses and the determination of issues of fact are matters solely within the province of the agency." (Internal quotation marks omitted.) Property Group, Inc. v. Planning ZoningCommission, 226 Conn. 684, 697, 628 A.2d 1277 (1993). [A]n administrative agency is not required to believe any witness, even an expert, nor is it required to use in any particular fashion any of the materials presented to it so long as the conduct of the hearing is fundamentally fair." (Internal quotation marks omitted.) Samperi v. Inland Wetlands Agency, supra, 226 Conn. 597. Moreover, "[k]nowledge obtained through personal observations of the locus may be properly considered by the agency in arriving at reasons for its denial." (Internal quotation marks omitted.)Kaeser v. Conservation Commission, 20 Conn. App. 309, 316, 567 A.2d 383
(1989).
In the present case, the commission relied primarily on the wetlands CT Page 5512 report. (ROR, Exhibit 57.) Although this is a sufficient basis for denying the application, the record exhibits additional evidence to support the commission's decision. The public hearing transcripts demonstrate that the commission raised several issues pertaining to the impact of the proposed subdivision upon the designated wetlands. The commission questioned Sterling on the level of wetlands disturbance and the degree of encroachment into the wetlands buffer zones. (ROR, Exhibit 69, pp. 11-12, 27, 35-37.) The Towne Engineering reports also suggested that the degree of intrusion of the development onto the wetlands buffer zones would adversely impact the surrounding wetlands. (ROR, Exhibit 40, p. 26.)
The record evinces substantial evidence to support a finding that the development would adversely impact the wetlands at issue. Accordingly, the commission could reasonably determine that the proposed subdivision does not comply with section 4.12.3 of the Canterbury zoning regulations. In light of the above, the court need not address the commission's additional assertions that the record evinces further violations of the zoning and subdivision regulations. This claim of error is not a sufficient basis for sustaining the appeal.
 B Whether the Commission Acted With Prejudice and Bias in Denying Sterling's Subdivision Application
Sterling next argues that the commission acted with bias and, accordingly, the court should sustain this appeal. Sterling specifically contends that commissioner Denning, an abutting landowner to the subject property, participated in the public hearings and did not recuse himself until the day of the vote. The commission counters that the plaintiff has not established bias and, in the alternative, that even if commissioner Denning were to be disqualified, the commission still achieved the appropriate majority to uphold the decision. Sterling has not met its burden establishing bias.
General Statutes § 8-21 governs the disqualification of planning commission members. Section 8-21 provides in relevant part: "No member of any planning commission shall participate in the hearing or decision of the commission of which he is a member upon any matter in which he is directly or indirectly interested in a personal or financial sense." General Statutes § 8-21. "[T]he appearance of impropriety created by a public official's participation in a matter in which he has a pecuniary or personal interest is sufficient to require disqualification." (Internal quotation marks omitted.) Nazarko v. Conservation Commission,50 Conn. App. 548, 552, 717 A.2d 850, cert. denied, 247 Conn. 940, CT Page 5513 723 A.2d 318 (1998). "The test is not whether the personal interest does conflict but whether it reasonably might conflict." Petrowski v. NorwichFree Academy, 199 Conn. 231, 241, 506 A.2d 139, appeal dismissed,479 U.S. 802, 107 S.Ct. 42, 93 L.Ed.2d 5 (1986).
"The decision as to whether a particular interest is sufficient to disqualify, however, is necessarily a factual one and depends upon the circumstances of the particular case." Cioffoletti v. Planning ZoningCommission, 209 Conn. 544, 554, 552 A.2d 796 (1989), appeal after remand, 220 Conn. 362, 599 A.2d 9 (1991). "In subjecting those circumstances to careful scrutiny, courts must exercise a degree of caution. Local governments would . . . be seriously handicapped if any conceivable interest, no matter how remote and speculative, would require the disqualification of a zoning official." (Internal quotation marks omitted.) Dana-Robin Corp. v. Common Council, 166 Conn. 207, 214,348 A.2d 560 (1974). To this extent, Connecticut has not adopted a "per se rule of invalidation when a member of a board or commission had a conflict of interest that should have counseled disqualification in a matter upon which the member should not have participated." Murach v.Planning Zoning Commission, 196 Conn. 192, 202, 491 A.2d 1058 (1985). Material prejudice must be shown to warrant the invalidation of the commission's decision. Id., 205.
In the present case commissioner Denning participated in both public hearings concerning Sterling's application. (ROR, Exhibits 21-22.) Denning addressed Sterling's representatives and asked questions. (ROR, Exhibit 68, pp. 11-12.) On March 8, 2001, the commission held a meeting with the intention of voting on the application. Denning recused himself as an abutting landowner;[2] however, there was an insufficient number of members present to constitute a quorum and the vote was postponed until March 22, 2001. (ROR, Exhibit 20.) On March 22, 2001, Denning again stepped down and the commission unanimously voted to deny the application. (ROR, Exhibit 19.)
Sterling shoulders the burden of establishing that Denning's participation tainted the proceedings. Murach v. Planning ZoningCommission, supra, 196 Conn. 204. In this case, the commission voted 6-0-0 against the application. (ROR, Exhibit 19.) It is further submitted that the record does not evidence any attempt on the part of Denning to influence the outcome of the proceedings. Although Denning should have recused himself from the proceedings, Murach counsels the court to affirm the commission's decision unless Denning's participation rose to the level of material prejudice.
The doctrine of waiver also dictates that Sterling's appeal should not be sustained. Our Supreme Court has made it clear that it "will not CT Page 5514 permit parties to anticipate a favorable decision, reserving a right to impeach it or set it aside if it happens to be against them, for a cause which was well known to them before or during the trial. . . . The failure to raise a claim of disqualification with reasonable promptness after learning the ground for such a claim ordinarily constitutes a waiver thereof." (Citations omitted; internal quotation marks omitted.)Henderson v. Department of Motor Vehicles, 202 Conn. 453, 462,521 A.2d 1034 (1987); see also Clisham v. Board of Police Commissioners,223 Conn. 354, 367-68, 613 A.2d 254 (1992).
In this case, Denning first recused himself from the proceedings on March 8, 2001. He did so again when the vote was taken on March 22, 2001. Although it is not clear why commissioner Denning was not on the list of abutting landowners, Sterling did not object to Denning's participation on either occasion. Sterling waived its bias claim and, accordingly, the court should not reverse the commission's decision on the ground that Denning participated in the hearings.
 CONCLUSION
Based on the foregoing reasons, the appeal is dismissed.