ALAN VINE *v.* PLANNING AND ZONING COMMISSION OF THE TOWN OF WALLINGFORD ET AL.
(AC 30921)

Bishop, Gruendel and Pellegrino, Js.

Argued March 17—officially released June 22, 2010

*Vincent T. McManus, Jr.*, for the appellant (plaintiff).

*Janis M. Small*, town attorney, for the appellee (named defendant).

*Elias A. Alexiades*, for the appellee (defendant Ilia Athan).

*Opinion*

PELLEGRINO, J. The plaintiff, Alan Vine, appeals from the judgment of the trial court dismissing his appeal from the approval of a site plan by the defendant planning and zoning commission of the town of Wallingford (zoning commission). The plaintiff claims that the zoning commission acted illegally, arbitrarily and in abuse of its discretion by failing to comply with the requirements of General Statutes (Rev. to 2007) § 8-3 (g) when it approved the site plan. We disagree and affirm the judgment of the trial court.

The following facts are relevant to the plaintiff's appeal. On February 5, 2007, the codefendant in this matter, Ilia Athan (applicant), filed an application for site plan approval to construct a commercial kennel

and a dwelling house on property located at 86 South Branford Road in Wallingford. This property is located in a rural residential district (RU-120 zone) and contains 6.25 acres. The property contains approximately two acres of wetlands and watercourses, and, thus, the application required review not only by the zoning commission, but also by the inland wetlands and watercourse commission (wetlands commission).

Pursuant to the town's zoning regulations, construction of a commercial kennel in an RU-120 zone requires at least five acres of property. Construction of a residence in an RU-120 zone requires at least three acres of property. The administrative record reflected a dispute as to whether the proposed lot was sufficient in size to support the construction of both a commercial kennel and dwelling house. On April 9, 2007, the town attorney ruled that the zoning regulations would require a lot size of eight acres to support both requested uses, and the applicant requested additional time to consult with his attorney. The matter was continued to June 11, 2007.

During the period of time after the continuance was granted, the wetlands commission approved the applicant's site plan to construct a commercial kennel and dwelling house on the property. On June 8, 2007, three days before the applicant's hearing before the zoning commission, he diminished the scope of the project by withdrawing the request to construct a dwelling house on the lot. As amended, the applicant sought approval for only construction of the commercial kennel. On June 11, 2007, at the zoning commission's public hearing on the application, the plaintiff objected to the site plan, citing concerns that the kennel would create noise, change the rural character of the area and have an adverse effect on property values. The plaintiff also argued that the application should be referred back to the wetlands commission because the applicant had

substantially modified the proposed application by removing his request to build a dwelling house on the property.

After the hearing, the zoning commission met and voted to approve the site plan application for the kennel. The town planner advised the zoning commission on the record that it was not necessary to resubmit the revised plan to the wetlands commission. Nonetheless, a condition of the zoning commission's approval was that the applicant must submit a revised plan eliminating and removing all references to the dwelling house. The plaintiff, thereafter, filed an appeal in the Superior Court, naming the applicant and the zoning commission as defendants. On December 23, 2008, the court issued its memorandum of decision dismissing the plaintiff's appeal. This appeal followed. Additional facts and procedural history will be provided as necessary.

On appeal, the plaintiff argues that the applicant substantially changed the site plan application and that the new application was never resubmitted to the wetlands commission, as is required pursuant to § 8-3 (g). We disagree.

Before turning to the specific claim at issue, we note that review of a zoning agency's decision is governed by certain well established standards. "It is axiomatic that the review of site plan applications is an administrative function of a planning and zoning commission. . . . When a commission is functioning in such an administrative capacity, a reviewing court's standard of review of the commission's action is limited to whether it was illegal, arbitrary or in abuse of [its] discretion . . . .

"In reviewing a decision of a zoning board, a reviewing court is bound by the substantial evidence rule, according to which, [c]onclusions reached by [the board] must be upheld by the trial court if they are reasonably supported by the record. The credibility of

the witnesses and the determination of issues of fact are matters solely within the province of the [board]. . . . The question is not whether the trial court would have reached the same conclusion, but whether the record before the [board] supports the decision reached. . . . If a trial court finds that there is substantial evidence to support a zoning board's findings, it cannot substitute its judgment for that of the board. . . . If there is conflicting evidence in support of the zoning commission's stated rationale, the reviewing court . . . cannot substitute its judgment as to the weight of the evidence for that of the commission. . . . The agency's decision must be sustained if an examination of the record discloses evidence that supports any one of the reasons given." (Citations omitted; internal quotation marks omitted.) *Loring* v. *Planning & Zoning Commission*, 287 Conn. 746, 756–57, 950 A.2d 494 (2008).

Section 8-3 (g),[1] which pertains to site plan applications, provides in relevant part: "The decision of the zoning commission shall not be rendered on the site plan application until the inland wetlands agency has submitted a report with its final decision. In making its

[1] General Statutes (Rev. to 2007) § 8-3 (g) provides in relevant part: "The zoning regulations may require that a site plan be filed with the commission or other municipal agency or official to aid in determining the conformity of a proposed building, use or structure with specific provisions of such regulations. . . . The decision of the zoning commission shall not be rendered on the site plan application until the inland wetlands agency has submitted a report with its final decision. In making its decision the zoning commission shall give due consideration to the report of the inland wetlands agency. A site plan may be modified or denied only if it fails to comply with requirements already set forth in the zoning or inland wetlands regulations. Approval of a site plan shall be presumed unless a decision to deny or modify it is rendered within the period specified in section 8-7d. . . . The provisions of this subsection shall apply to all zoning commissions or other final zoning authority of each municipality whether or not such municipality has adopted the provisions of this chapter or the charter of such municipality or special act establishing zoning in the municipality contains similar provisions."

decision the zoning commission shall give due consideration to the report of the inland wetlands agency. . . ." General Statutes (Rev. to 2007) § 8-3 (g).

This court has addressed the issue of due consideration. "The zoning commission must give the wetlands commission report due consideration. We do not read this as a statutory mandate that the zoning commission's decision be based on the wetlands report. To afford due consideration is to 'give such weight or significance to a particular factor as under the circumstances it seems to merit, and this involves discretion.' Black's Law Dictionary (5th Ed. [1979]). It entails 'giving such thought or weight to a fact as it merits under all the circumstances of the case.' Ballentine's Law Dictionary (3d Ed. [1969]). There is no question that the term due consideration requires the zoning commission to do more than simply receive the wetlands report and give it passing notice. The weight or significance to be accorded that report by the zoning commission depends, however, on the application before it; how much weight the report should be given is a matter of discretion for the commission." *Arway* v. *Bloom*, 29 Conn. App. 469, 479–80, 615 A.2d 1075 (1992), appeal dismissed, 227 Conn. 799, 633 A.2d 281 (1993).

The court, in its thoughtful and thorough memorandum of decision, found that the sole difference between the plans approved by the wetlands commission and the zoning commission was the elimination of the dwelling house. The kennel remained in precisely the same location on the lot as it was in the application that was considered and approved by the wetlands commission. The applicant was required to file a revised site plan that removed all reference to the dwelling house, and the transcript of the public hearing demonstrates that the zoning commission specifically sought and received information concerning the actions of the wetlands commission. The town planner, when questioned

regarding his decision not to forward the modified plan to the town's environmental planner, stated that "if you look at the plans, the area that's being changed is nowhere near the wetlands or the wetlands buffer. And, normally, when you do less, you don't need a permit. . . . [I]f they were doing more, they would have to go back to [the wetlands commission]. That's why, after this came in on Friday, I never gave it to the [e]nvironmental [p]lanner because it's less impact rather than more impact." See *Irwin* v. *Planning & Zoning Commission*, 45 Conn. App. 89, 92 n.4, 694 A.2d 809 (1997) (zoning commission does not need approval from conservation commission where modified application identical with respect to effect on parcel's wetlands), rev'd on other grounds, 244 Conn. 619, 711 A.2d 675 (1998).[2]

The plaintiff maintains that the zoning commission failed to give due consideration to the wetlands commission's approval by failing to submit the modified application for review by the wetlands enforcement officer. The plaintiff disputes the town planner's assessment that removing a dwelling from a site plan would not require additional approval from the wetlands commission. Essentially, he advocates that we conclude that § 8-3 (g) requires that a zoning commission notify the corresponding wetlands commission of all changes and receive secondary approval from the wetlands commission before approving a modified site plan. Such a procedural mandate is not supported by the plain language of § 8-3 (g), nor is there legal authority to support this proposition.

---

[2] The plaintiff suggests that in *Irwin*, this court approved a procedure in which, even if a wetlands impact does not change, the zoning commission must at least notify the corresponding conservation or wetlands commission of the proposed site plan modification. We disagree with the plaintiff's interpretation that our decision in *Irwin* would essentially require a zoning commission to notify the wetlands or conservation commission of all site plan modifications.

As this court has stated regarding the requirement that the zoning commission give due consideration to the report produced by the wetlands commission, "it was not intended to make those decisions interdependent. When the zoning commission receives a copy of the report prepared by the wetlands commission, it is not required to review (or await judicial review of) the validity or invalidity of that commission's final decision as a precursor to rendering its own decision. This construction of the term final decision is consistent with the function that the wetlands report was intended to serve. . . . The final decision contained in the wetlands report is merely one of the many factors the zoning commission must consider in rendering its own decision, within its own relevant time limits." (Citations omitted; internal quotation marks omitted.) *Arway* v. *Bloom*, supra, 29 Conn. App. 479.

The wetlands and zoning commissions have independent roles to play in the approval process. After our careful review of the briefs and the record before us, we conclude that the determination reached by the zoning commission is reasonably supported by the record. The record reflects that the zoning commission discussed the wetlands commission's prior approval and determined that removing the dwelling house from the site plan would not affect the property's wetlands. Accordingly, the zoning commission gave due consideration to the wetlands commission report, as is required by § 8-3 (g), and the court properly dismissed the plaintiff's appeal.

The judgment is affirmed.

In this opinion the other judges concurred.