## JOSEPH MORENA ET AL. *v.* HISTORIC DISTRICT COMMISSION OF THE TOWN OF BROOKFIELD

Superior Court, Judicial District of Danbury

File No. CV-06-4005648S

Memorandum filed May 10, 2007

*David Grossman,* for the plaintiffs.

*Collins, Hannafin, Garamella, Jaber & Tuozzolo, P.C.,* for the defendant.

SHABAN, J.

I

## STATEMENT OF APPEAL

The plaintiffs, Joseph Morena and Traci Morena, have filed a revised complaint, dated June 9, 2006, appealing from the decision of the historic district commission of the town of Brookfield denying the plaintiffs' application for construction of a stone wall on their property.

On November 15, 2005, the plaintiffs submitted to the defendant an application for a "certificate of appropriateness" to construct a five foot stone wall to run along the front of their property and flank their driveway. The application was disapproved without prejudice pursuant to § I, paragraph three, of the defendant's regulations. On February 15, 2006, the plaintiffs reapplied for a "certificate of appropriateness," amending their request to construct a four foot stone wall. On March 14, 2006, the defendant held a public hearing and again denied, without prejudice, the plaintiffs' application with a unanimous vote. The plaintiffs timely appealed to this court.

II

## JURISDICTION

General Statutes § 7-147i governs the procedure for appealing from a decision of an historic district commission. This section states that the "procedure upon such appeal shall be the same as that defined in section 8-8." General Statutes § 7-147i. "A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created." (Internal quotation marks omitted.) *Cardoza* v. *Zoning Commission*, 211 Conn. 78, 82, 557 A.2d 545 (1989).

"[P]leading and proof of aggrievement are prerequisites to the trial court's jurisdiction over the subject

matter of a plaintiff's appeal. . . . [I]n order to have standing to bring an administrative appeal, a person must be aggrieved." (Citation omitted; internal quotation marks omitted.) *Moutinho* v. *Planning & Zoning Commission*, 278 Conn. 660, 664, 899 A.2d 26 (2006). The plaintiffs pleaded aggrievement insofar as they are the owners of 141 Whisconier Road in Brookfield and that their application for the construction of a four foot high stone wall on the property was denied by the defendant. "Aggrievement presents a question of fact for the trial court and the party alleging aggrievement bears the burden of proving it." *Bongiorno Supermarket, Inc.* v. *Zoning Board of Appeals*, 266 Conn. 531, 538–39, 833 A.2d 883 (2003). An owner of property that is the subject of an application is aggrieved for the purpose of bringing an appeal. *Winchester Woods Associates* v. *Planning & Zoning Commission*, 219 Conn. 303, 308, 592 A.2d 953 (1991). A plaintiff may prove aggrievement by testimony at the time of trial; id.; or "by the production of the original [title] documents or certified copies from the record." (Internal quotation marks omitted.) *Quarry Knoll II Corp.* v. *Planning & Zoning Commission*, 256 Conn. 674, 703, 780 A.2d 1 (2001).

At the time of trial, February 26, 2007, Joseph Morena introduced a copy of a warranty deed and testified that he was the owner of 141 Whisconier Road, which established that he and his wife are the owners of the property that is the subject of the defendant's decision. As such, the court finds that the plaintiffs are aggrieved.

The plaintiffs received written notice of the defendant's decision by a letter dated March 21, 2006, and timely filed their appeal.

### III

### SCOPE OF REVIEW

The powers of an historic district commission are derived from chapter 97a of the General Statutes.

Municipalities, as creatures of the state, have no inherent powers of their own, and can only act within the scope of the powers and duties conferred by the zoning enabling statutes. See *Ghent* v. *Zoning Commission,* 220 Conn. 584, 588, 600 A.2d 1010 (1991).

General Statutes § 7-147d (a) provides: "No building or structure shall be erected or altered within an historic district until after an application for a certificate of appropriateness as to exterior architectural features has been submitted to the historic district commission and approved by said commission." General Statutes § 7-147f (a) sets forth the criteria to be examined by an historic district commission when determining whether a certificate of appropriateness should be issued. The statute provides in relevant part: "In passing on appropriateness as to exterior architectural features, buildings or structures, the commission shall consider, in addition to other pertinent factors, the type and style of exterior windows, doors, light fixtures, signs, above-ground utility structures, mechanical appurtenances and the type and texture of building materials. In passing upon appropriateness as to exterior architectural features the commission shall also consider, in addition to any other pertinent factors, the historical and architectural value and significance, architectural style, scale, general design, arrangement, texture and material of the architectural features involved and the relationship thereof to the exterior architectural style and pertinent features of other buildings and structures in the immediate neighborhood. . . ." General Statutes § 7-147f (a).

The procedure upon an appeal from any decision of an historic district commission is the same as that for appeals under General Statutes § 8-8. See General Statutes § 7-147i. *Figarsky* v. *Historic District Commission,* 171 Conn. 198, 202, 368 A.2d 163 (1976). "[C]onclusions reached by [the board] must be upheld

by the trial court if they are reasonably supported by the record. The credibility of the witnesses and the determination of issues of fact are matters solely within the province of the [board]. . . . The question is not whether the trial court would have reached the same conclusion, but whether the record before the [board] supports the decision reached." (Internal quotation marks omitted.) *Vine* v. *Zoning Board of Appeals*, 281 Conn. 553, 560, 916 A.2d 5 (2007). "[T]he court should determine only whether the assigned grounds are reasonably supported by the record and whether they are pertinent to the considerations which the authority was required to apply under the zoning regulations. . . . The principle that a court should confine its review to the reasons given by a zoning agency . . . applies [only] where the agency has rendered a formal, official, collective statement of reasons for its action. . . . It does not apply to mere utterances of individual members of the agency." (Citations omitted; internal quotation marks omitted.) *Harris* v. *Zoning Commission*, 259 Conn. 402, 420, 788 A.2d 1239 (2002).

## IV

## DISCUSSION

The plaintiffs' revised complaint alleges that the defendant acted illegally, arbitrarily and abused its discretion because (1) its membership was improper because two of the members resided in the same household; (2) the defendant lacked jurisdiction to rule on an application for the construction of a property line stone wall; (3) the defendant's vote was improper because the defendant failed to designate whether alternates voted; (4) the vote was improperly based on the "taste" of the defendant's members; (5) the defendant improperly based its ruling on personal aesthetic standards; and (6) two members who live near the plaintiffs

should have recused themselves from the vote because of their personal interest in the decision.

In their brief, the plaintiffs narrow their allegations to four distinct issues. First, they claim that two of the defendant's members should have been disqualified because they live together and reside within a visible distance from the plaintiffs' property. Second, the plaintiffs claim that the defendant lacked jurisdiction over the issues in the plaintiffs' application. Third, they claim that the defendant's failure to distinguish voting from nonvoting members improperly tainted the vote. Fourth, the plaintiffs claim that the defendant substituted its own taste, rather than applied appropriate aesthetic standards.

The court finds, after a review of the record, that the plaintiffs' grounds for appeal are without merit. Regarding the first claim, the plaintiffs argue that because two members of the defendant lived together within a visible distance from the plaintiffs' property, they had a personal interest in the outcome of the hearing, thereby creating an appearance of impropriety, which, in turn, required the members to disqualify themselves from hearing the matter. "[T]he appearance of impropriety created by a public official's participation in a matter in which he has a . . . personal interest is sufficient to require disqualification." (Internal quotation marks omitted.) *Nazarko* v. *Conservation Commission*, 50 Conn. App. 548, 552, 717 A.2d 850, cert. denied, 247 Conn. 940, 723 A.2d 318 (1998). There is, however, no evidence in the record that two of the members either lived together or within a visible distance from the plaintiffs' property. "The plaintiff has the burden of establishing a disqualifying interest." (Internal quotation marks omitted.) *O & G Industries, Inc.* v. *Planning & Zoning Commission*, 232 Conn. 419, 430, 655 A.2d 1121 (1995). This court is limited to a consideration of the evidence the defendant has placed

on the record. See *Eagan* v. *Zoning Board of Appeals*, 20 Conn. App. 561, 563, 568 A.2d 811 (1990). The only "evidence" presented by the plaintiffs to establish this point appears in the brief filed in support of their appeal. As such, it is akin to what in the past has been referred to as a "speaking motion," which cannot be considered by the court, as it is clearly impermissible to do so. See *Doe* v. *Marselle*, 38 Conn. App. 360, 364, 660 A.2d 871 (1995), rev'd on other grounds, 236 Conn. 845, 675 A.2d 835 (1996).

In addition, even if the members did live together within a visible distance from the plaintiffs' property, there is no evidence in the record that any bias, predetermination, financial or personal interest of the members tainted the proceedings and affected the vote on the application.[1] The burden of proof on such matters is on the plaintiffs. See R. Fuller, 9B Connecticut Practice Series: Land Use Law and Practice (3d Ed. 2007) § 47:3, p. 48. The plaintiffs themselves note in their brief that they have not found any authority that would prohibit two residents of the same household from being on the same commission. Accordingly, the plaintiffs have not met their burden with respect to this issue.

Turning to the plaintiffs' second argument, at trial the plaintiffs appeared to concede that the defendant had jurisdiction, essentially withdrawing this argument. Nonetheless, the court will briefly address the issue. As stated, § 7-147d (a) provides: "No building or structure shall be erected or altered within an historic district

---

[1] The plaintiffs even acknowledge that although they believed members Jacqueline A. Salame and Rosemary Erb-Fawcett should have recused themselves, the plaintiffs made no such request at or prior to the public hearing. They further acknowledge that there is no evidence in the record of an actual personal interest in the matter on the part of the two members. While attempting to argue that an appearance of impropriety is sufficient for disqualification, the plaintiffs concede that "[n]o one is accusing any member who participated of doing anything wrong, nor would it be anything more than pure speculation to suggest anything else . . . ."

until after an application for a certificate of appropriateness as to exterior architectural features has been submitted to the historic district commission and approved by said commission." Structure is defined under General Statutes § 7-147a (a) as "any combination of materials, other than a building, which is affixed to the land, and shall include, but not be limited to, signs, fences and walls . . . ." Thus, the defendant had jurisdiction to hear the plaintiffs' application because the structure at issue was a stone wall.

Turning to the plaintiffs' third claim, there is no evidence in the record that the alternates either participated or voted on the plaintiffs' application. The minutes simply state "[Rosemary] Erb-Fawcett moved to deny the application without prejudice. [Harold] Proudfoot seconded; all approved." "There is a strong presumption of regularity in the proceedings of a public body such as a municipal planning and zoning commission. . . . Even if that presumption concerning the proceedings is rebutted, however, not all procedural irregularities require a reviewing court to set aside an administrative decision; material prejudice to the complaining party must be shown." (Citations omitted; internal quotation marks omitted.) *Murach* v. *Planning & Zoning Commission*, 196 Conn. 192, 205, 491 A.2d 1058 (1985). Our Supreme Court has adjudicated a similar issue involving an improper extra vote and upheld such a vote because of "the rule that where the required majority exists without the vote of the disqualified member, his presence and vote will not invalidate the result . . . ." (Internal quotation marks omitted.) Id., 206. The court finds that the plaintiffs are unable to override the presumption of regularity at the public hearing because even if the alternates voted, the vote was still unanimous. The error, if any, was harmless.

As to the final claim of the plaintiffs, the record reveals that the discussion of "taste" at the hearing was raised by Joseph Morena. "He [Joseph Morena] thinks it is an issue of 'taste' with the [defendant]." The defendant responded that "it is the 'taste' of this panel that has more than 200 years combined experience, and it's the charge of the [defendant] to figure out what is appropriate and what isn't, and the [defendant] is making a judgment call based on that experience on what is appropriate."

The amended minutes of the March 14, 2006 proceeding reflect that the previous correspondence from Joseph Morena to Jacqueline A. Salame, the defendant's chairperson, indicated that he was requesting the stone wall because it would effectively block out the loud, constant noise from Route 25. In addition, he requested the wall because he wanted a solid structure to protect shrubs and trees from litter and road chemicals.

Those minutes also reflect that the four foot high rock wall would run along the front of the property line, measure eighteen inches wide with five foot pillars that would measure three feet square. One of the commissioners had taken pictures of various stone walls, including some in the historic district, and it was noted that an adjacent property contained a line of healthy trees that had not been "killed off by the road salt." It was further demonstrated that a four foot wall would not be high enough to block the first floor of the plaintiffs' house, and, therefore, would not provide a sound barrier.

"In applying the law to the facts of a particular case, the [defendant] is endowed with a liberal discretion, and its action is subject to review by the courts only to determine whether it was unreasonable, arbitrary or illegal." (Internal quotation marks omitted.) *Irwin* v. *Planning & Zoning Commission*, 244 Conn. 619, 628, 711 A.2d 675 (1998). As to any factual questions, "a

reviewing court cannot substitute its judgment for that of the agency." *Timber Trails Corp.* v. *Planning & Zoning Commission*, 222 Conn. 380, 401, 610 A.2d 620 (1992). Should there be conflicting evidence in the record, the reviewing court cannot substitute its judgment as to the weight of the evidence for that of the defendant. See *Whisper Wind Development Corp.* v. *Planning & Zoning Commission*, 32 Conn. App. 515, 523, 630 A.2d 108 (1993), aff'd, 229 Conn. 176, 640 A.2d 100 (1994). The court finds that there is a sufficient basis in the record to determine that the action of the defendant was not unreasonable, arbitrary or illegal.

Furthermore, as stated, § 7-147f (a) provides in relevant part: "In passing upon appropriateness as to exterior architectural features the commission shall also consider, in addition to any other pertinent factors, the historical and architectural value and significance, architectural style, scale, general design, arrangement, texture and material of the architectural features involved and the relationship thereof to the exterior architectural style and pertinent features of other buildings and structures in the immediate neighborhood. . . ." General Statutes § 7-147f (a). The record reflects that the defendant met the requirements of the statute in rendering its decision.

For all the reasons stated, the appeal is hereby denied and dismissed.